## MEREDITH v. JOHN DEERE PLOW CO. OF MOLINE, ILLINOIS.

### No. 14168.

United States Court of Appeals
Eighth Circuit.

Dec. 20, 1950.

Rehearing Denied Jan. 15, 1951.

M. M. Meredith and Thomas M. Gaffney, Atlantic, Iowa (Whitmore & Gaffney and Dalton & Dalton, all of Atlantic, Iowa, and John J. Hess, Council Bluffs, Iowa, were on the brief), for appellant.

A. V. Shotwell, Omaha, Neb., and Raymond A. Smith, Council Bluffs, Iowa, for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an action to recover $200,000 damages alleged to have resulted from the breach of an oral sales agency contract entered into by the John Deere Plow Company and C. P. Meredith in the fall of 1919, and, after his death in 1932, taken over by his son, M. M. Meredith, the plaintiff (appellant).

The action was brought in a District Court of the State of Iowa and removed by the defendant (appellee) to the federal District Court. The defendant moved to dismiss the action upon the ground that the plaintiff's complaint failed to state a claim upon which relief could be granted. The District Court granted the motion and entered a judgment of dismissal. The plaintiff has appealed from the judgment.

In his complaint the plaintiff alleged that he operates a farm implement store in the city of Atlantic, Iowa, and in the city of Griswold, Iowa, and that the defendant is engaged in the business of selling and distributing to the retail trade a full line of farm implements, machinery and accessories.

The plaintiff also alleged:

"That in November 1919 defendant approached one C. P. Meredith and solicited him to become defendant's agent at Atlantic and Griswold, Iowa. Some years prior to November 1919 defendant had unsuccessfully tried to establish a satisfactory agent at Atlantic and had expended much energy, time and money in the attempt but met with failure; its products were a very minor factor in implement merchandising. C. P. Meredith on the contrary had been at that time a successful and continuous retailer of implements in Atlantic, Iowa for 37 years and in Griswold, Iowa for 33 years.

"That defendant offered, if C. P. Meredith would desist his competitive hostility to defendant and defendant's products and would become defendant's agent in Atlantic and Griswold, Iowa, that then C. P. Meredith could remain defendant's agent in said town as long as C. P. Meredith desired, the termination of said agency being possible only by voluntary relinquishment on C. P. Meredith's part, forfeiture through gross fault, or defendant's retirement from business; that until C. P. Meredith voluntarily relinquished said agencies or for-

482

feited them through gross fault, defendant would appoint no one else as its agent in said towns; that it would at no time make any unusual radical or unreasonable demands of C. P. Meredith; that C. P. Meredith would, for a reasonable time be neither expected nor asked to purchase and carry in stock any of defendant's products and that at the expiration of said reasonable time, the amount of his said purchases should be entirely at his discretion. This offer, orally made, thereupon was orally accepted by C. P. Meredith who thereupon became defendant's agent in Griswold and Atlantic, Iowa."

The plaintiff further alleged that he succeeded to the rights of his father under the oral contract of agency and was assured by the defendant that "he could remain defendant's agent so long as he desired, that only by voluntary relinquishment or forfeiture through his gross fault would plaintiff cease to be defendant's agent in said two towns; that C. P. Meredith and the plaintiff as his successor, acting in reliance upon the oral contract and its continuation, faithfully acted as agents for the defendant; that they spent large sums of money in establishing an ever increasing demand for the merchandise and machinery of the defendant; that in 1945 the defendant breached the agency agreement by appointing others as its agents at Atlantic and Griswold and in refusing to recognize the plaintiff as its exclusive sales agent at those places.

There are many other allegations in the complaint, but enough has been said to show the terms and nature of the oral contract upon the alleged breach of which the plaintiff's claim for damages is based. The contract differed in no controlling respect from the agency contract involved in the case of E. I. DuPont de Nemours & Co. v. Claiborne-Reno Co., 8 Cir., 64 F.2d 224, 89 A.L.R. 238, in which this Court held that such a contract is terminable at will by either party, and that, since the agent is under no obligation to continue to represent the principal, the termination of the contract by the latter is not a breach of the contract and will not sustain an action for damages. See, also, Claiborne-Reno

Co. v. E. I. DuPont de Nemours & Co., 8 Cir., 77 F.2d 565. The rule announced in the Claiborne-Reno cases has been adhered to by this court. Silbernagel v. Hirsch Distilling Co., 8 Cir., 99 F.2d 829, 830; Terre Haute Brewing Co., Inc. v. Dugan, 8 Cir., 102 F.2d 425; Bendix Home Appliances, Inc. v. Radio Accessories Co., 8 Cir., 129 F.2d 177, 181-182; Myers Motors, Inc. v. Kaiser-Frazer Sales Corporation, 8 Cir., 178 F.2d 291, 303.

 Since the substantive law applicable to this case is that of Iowa, we are required to follow the law of that State. The law of Iowa, however, with respect to contracts of the type of that in suit conforms to the law which is generally applicable and upon which this Court has relied. Faulkner v. Des Moines Drug Co., 117 Iowa 120, 90 N.W. 585; Lewis v. Minnesota Mutual Life Ins. Co., 240 Iowa, 1249, 37 N.W.2d 316, 324-325.

The contract in suit had obvious congenital weaknesses which rendered it unenforceable as to the future and made it subject to termination by either of the parties at will without incurring liability for damages to the other.

The judgment appealed from was correct and is affirmed.