**M. M. MEREDITH, Appellant,**

v.

**JOHN DEERE PLOW COMPANY OF MOLINE, ILLINOIS, Appellee.**

**No. 15666.**

United States Court of Appeals
Eighth Circuit.

May 7, 1957.

Rehearing Denied May 31, 1957.

M. M. Meredith, appellant, pro se.

Abel V. Shotwell, Omaha, Neb., and Raymond A. Smith, Council Bluffs, Iowa (L. D. Wilson and Robert L. Barrett, Moline, Ill., with them on the brief), for appellee.

Before JOHNSEN, VOGEL and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

The District Court dismissed a suit by appellant to have an alleged contract recognized and enforced, on the ground that the complaint failed to state a claim upon which relief could be granted.

The contract provisions controlling of the litigation have twice previously been before us, in suits brought by appellant against appellee, and have been held by us to be without enforceability under

---

Iowa law and for that reason to be incapable of supporting a claim upon which relief could be granted.

In the first suit, Meredith v. John Deere Plow Co. of Moline, Illinois, 8 Cir., 185 F.2d 481, 482, we held that an action for alleged breach of the contract could not be maintained by appellant, because the effect of particular provisions of the agreement was to make the relationship between appellant and appellee terminable "by either of the parties at will without incurring liability for damages to the other."

In the second suit, Meredith v. John Deere Plow Co. of Moline, Illinois, 8 Cir., 206 F.2d 196, we affirmed the trial court's dismissal of an attempt by appellant to obtain an accounting under the contract, upon the same ground. We pointed out that our previous opinion had held the agreement to be one that was terminable at will and added, for appellant's benefit, in his pro se litigation attempt, the following: "The District Court, in dismissing the [complaint] in the instant action relied upon the former decision of this Court as having put an end to this controversy. The District Court was right." 206 F.2d at page 196.

In appellant's present expedition, he seeks specific enforcement of the agreement and "any and all other or additional rights and remedies to which he may be entitled". He argues that this suit is not controlled by our previous decisions, because his two previous actions were predicated upon a dealership agreement for handling appellee's farm implements, made in 1919, while this action rests upon such an agreement made in 1924.[1]

■ But the statements and admissions contained in appellant's brief demonstrate that the claimed agreement of 1924 was simply an assurance or affirmation given by some sales representatives of appellee that appellee would continue to live up to the terms and conditions of the 1919 agreement. In any event, however, whether the conversations which appellant claimed had occurred in 1924 amounted to the making of a renewal agreement rather than a reiteration as to the 1919 agreement, this agreement would as much be subject to the legal effect and consequence of the provisions for termination as the original agreement had been and so would equally be possessed of—in the language of our first opinion, 185 F.2d at page 482—"obvious congenital weaknesses which rendered it unenforceable."

■ In an effort to put an end to appellant's repetitive suits against it on the alleged contract, appellee has moved for leave to file in this Court a petition for a writ of injunction. No injunctive relief was sought by way of counterclaim in the District Court, nor has appellee otherwise undertaken to obtain from that Court any such protection. No controlling reason is apparent why, as against the normal prerogative and function of the District Court, we should be asked to entertain such a petition in original jurisdiction.

In addition, the elements of hearing that might be involved in relation to the issuing of a writ, and the incidents of enforcement that could become necessary from any granting of it are matters which a single-judge court manifestly would be in a position to deal with, from the standpoint of both parties, more routinely, expeditiously, conveniently and economically than we.

The motion for leave to file the petition for injunction is accordingly denied.

We therefore have not engaged in any examination of the merits of appellee's petition. It may not be inappropriate to add for appellant's benefit, however, in his lay status and his pro se representation, that the position which he has taken on the present appeal, as well as in relation to appellee's motion for leave to file its injunction petition, that he has the right to file as many lawsuits against appellee on the contract as he desires,

---

1. The basis of appellant's grievance against appellee was its allowing another local dealer to handle its farm-implement line.

and that the dismissal by the court of one suit upon the contract cannot at all operate to bar another, is not legally tenable. Under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., any involuntary dismissal of an action, other than a dismissal for lack of jurisdiction or for improper venue, operates legally as an adjudication upon the merits of the claim, except where the dismissal order otherwise specifies.

The order dismissing appellant's action is affirmed.