STATE of Missouri, ex rel. Nancy Corinne DYER, a minor, by J. Raymond Dyer, her Next Friend, and J. Raymond Dyer (Relators), Appellants,

v.

UNION ELECTRIC COMPANY, a Corporation, J. Wesley McAfee, and Benjamin M. Loeb, Respondents.

No. 29859.

St. Louis Court of Appeals.

Missouri.

April 1, 1958.

Motion for Rehearing or to Transfer to Supreme Court Denied May 2, 1958.

J. Raymond Dyer, St. Louis, for appellants.

Robert J. Keefe, Keefe, Doerner, Schlafly & Griesedieck, St. Louis, for respondents.

RUDDY, Presiding Judge.

This is an appeal from a judgment dismissing with prejudice each of two counts of relators' (appellants') petition for failure to state a claim upon which relief could be granted. Count I of the petition prayed for the issuance of a writ of mandamus and Count II for an injunction.

In view of the conclusion we have reached, it will be unnecessary to recite in detail the entire petition of the relators. The petition is lengthy and we only state the substance of the allegations deemed pertinent to the conclusion reached.

The relators in this proceeding are J. Raymond Dyer and Nancy Corinne Dyer, a minor, by J. Raymond Dyer, her next friend. The respondents are Union Electric Company, a corporation, J. Wesley McAfee and Benjamin M. Loeb. The petition also joined David R. Calhoun as a respondent but he was not served with process.

It is alleged in Count I of the petition that relator Nancy Corinne Dyer is the owner and holder of 100 shares of common stock of Union Electric Company; that relator J. Raymond Dyer is the owner and holder of 250 shares of said stock; that the Union Electric Company has issued and outstanding more than 10,000,000 shares of capital stock "all of which is voting stock, held, either of record or beneficially, by some 71,000 persons, scattered geographically over the face of the globe"; that respondents, J. Wesley McAfee, David R. Calhoun and Benjamin M. Loeb, are directors of respondent company; that said persons were named proxies by Union Electric Company on the "proxy cards it issued to its stockholders under date of March 25, 1957, for use at the 1957 annual meeting of the stockholders of respondent company scheduled under its by-laws to be held at its said offices on April 20, 1957."

It is further alleged in said Count I of the petition that relators proposed three by-law amendments to the respondent company and also proposed nine resolutions to said company to be taken up for consideration and action at the annual meeting to be held on April 20, 1957. The petition (Count I) recited in full two of the proposed by-laws and three of the proposed resolutions.

It is further alleged in Count I of relators' petition,

"That, contrary to the requests of relators, made by them and refused by respondent company, respondent

company did not recite said proposals in full in the March 25, 1957 notice of meeting it sent out to its stockholders, announcing the holding of said 1957 annual meeting, but recited said proposals in said notice of meeting only in abridged form and, as regards the proposal referred to in paragraph 7 hereof, (one of the nine resolutions presented to the company) in deceptive abridged form; did not place any of them on the proxy card it sent out March 25, 1957 to its stockholders, thereby denying to relators and all its other stockholders the privilege of directing respondents McAfee, Calhoun and Loeb, on said proxy cards, how said proposals should be voted, pro or con." (Parenthesis ours.)

It was further alleged in Court I of the petition:

"Relators state that they have no other remedy for the right they seek in the mandamus action, which right, accorded them under Missouri law, is to have their said proposals, referred to in paragraphs 6, 7, 8 and 9 hereof, set forth in their entirety in the notice of meeting, or in an amended notice of meeting sent by respondent company to all its stockholders, and to have their said proposals referred to on respondent company's proxy cards, or on its amended proxy cards, in such a way as to afford to respondent company's stockholders an opportunity to indicate thereon their vote, for or against said proposals, and each of them."

Count I concludes with a prayer for a "writ of mandamus commanding respondent company to issue to all its stockholders, prior to 10 days before said 1957 annual meeting is held, a notice of such meeting reciting therein, in full," the proposals of relators and further "commanding respondent company to issue to all its stockholders, at the same time, other and further proxy cards, or amended proxy cards carrying references to relators' said propo-

sals, and each of them in such a way as will permit said stockholders to indicate their vote thereon, as regards said proposals and each of them, for or against."

It is alleged in Count II of said petition that in addition to the proposals referred to in Count I relators "made other By-Law and Resolution proposals to respondent company," which proposals were listed in the notice of the annual meeting sent out by the company and were also recited in the proxy statement sent out by the respondent company which accompanied the notice of the annual meeting.

It was further alleged that said proxy cards contained a provision "for stockholders to indicate their vote" on these last named proposals. It was further alleged in said Count II of the petition that stockholders were required to vote either for or against each of the proposals listed in the proxy cards.

It was further alleged in Count II of said petition that the proxy material notified all stockholders that the proxy if executed in favor of respondents McAfee, Calhoun and Loeb would be voted as directed on certain proposals but if no such direction was specified that the proxy would be voted against such proposals.

It was further alleged in said Count II that as to such proposals not listed in the proxy statement and the proxy card the stockholders were advised the persons named as proxies would vote against such proposals if they were presented at the meeting.

It was further alleged in Count II of the petition that:

"Relators state they have no other remedy for the rights they seek in this petition for an injunction, which rights are (1) the right to have their seven listed proposals, i.e. proposals 1, 3, 4, 5, 6, 7 and 8 as listed in respondent company's said proxy statement and on its said proxy cards, voted on by respondents McAfee, Calhoun and Loeb only in accordance with the specific direc-

tions given them pro or con, by the stockholders executing such proxy cards, and not, absent any such specific directions, against such proposals or any of them; and (2) the right to have their five unlisted proposals, i.e. the proposals recited in paragraphs 6, 7, 8 and 9 hereof (respecting which, contrary to Missouri Law, the stockholders executing said proxy cards are accorded no opportunity to direct respondents McAfee, Calhoun and Loeb how to vote) *not* voted by said respondents in opposition thereto."

This Count concluded with a prayer for a permanent injunction against respondent company "enjoining it from carrying out its aforesaid proposed ultra vires act and fraudulent abuse of authority and breach of contract" and further praying for an injunction against respondents "McAfee, Calhoun and Loeb, and their successors or appointees, enjoining them as proxies from voting at said annual meeting any of the stock represented by proxies they receive, unless such proxies carry on their face relators' five presently unlisted proposals," with provision for stockholders voting thereon and further ask that said respondents McAfee, Calhoun and Loeb be enjoined from voting against any of said five presently unlisted proposals or any of said seven listed proposals carried on said proxy cards "unless specifically directed by the stockholders executing such proxies."

 At the time of the oral argument counsel for respondents called our attention to improper statements contained in appellants' reply brief, charging they had no place in a brief, were wholly outside the record of this case and were incapable of proof. Ordinarily, we would not comment on such statements, because they are unworthy of consideration and add nothing helpful to an understanding of the real issues presented; but, fearful lest counsel for relators gets the impression from silence that we approve of such tactics, we deem it our duty to make it known that we denounce the use of such statements.

We are aware that the casting of encomiums in the direction of the opposition is not a customary practice or to be expected in an adversary legal proceeding. However, the use of odiums, sarcasm and vituperative remarks have no place in a brief and are wholly unwarranted. Frankly, resort to the use of such statements is an indication of a lack of confidence in the law and the facts to support the position of the one using them. Relators' Reply Brief is interspersed with statements of the nature we have denounced. The statements are wholly unsupported by the record and, of course, must be ignored by us. The only facts that we may consider in this appeal are those encompassed within the averments of relators' petition. None other should or will be considered.

Relators have devoted a considerable portion of their brief to the point that the notice to stockholders of the annual meeting of the Union Electric Company was insufficient because, "it did not clearly and fairly state enough to enable its stockholders to judge whether they would or would not assent to appellants' five proposed actions referred to therein * * *." In this regard relators contend the notice of the meeting did not comply "with the statutory requirement, and the common law requirement, that it state fairly, and without deception the purpose or purposes for which the meeting was called."

Another point relied on by relators is that the proposals set out in Count I of the petition should have been described on the "proxy cards." Another point relied on by relators involving the "proxy cards" and their content is that the provisions of said proxy, as recited in the petition informing the stockholder that if he executed the proxy instrument his agents would vote according to his direction upon the proposals listed thereon and if he gave no such direction they would vote against the listed proposals and against those not listed, were a violation of Missouri law.

Relators have asserted other alleged errors, some of which they contend oc-

·curred in connection with proceedings that took place subsequent to the judgment dismissing the petition. However, we find it unnecessary to consider any of the points raised because we deem the issues moot at this time.

The relief sought in Count I of the petition is "a writ of mandamus commanding respondent company to issue to all its stockholders, prior to 10 days before said 1957 annual meeting is held, a notice of such meeting" reciting in full relators' said proposals and to have respondent company issue to all its stockholders at the same time "other and further proxy cards, or amended proxy cards, carrying references to relators' said proposals" in a manner indicated by relators.

The relief sought in Count II of the petition is for an injunction against respondents McAfee, Calhoun and Loeb to enjoin them as proxies from voting at said annual meeting. It was conceded by counsel for all of the parties at the time of the oral argument that the stockholders' meeting was held on April 20, 1957; and, that said respondents, McAfee, Calhoun and Loeb voted the proxy forms in accordance with the directions contained thereon.

█ Assuming, without ruling, that relators are entitled to the relief sought, any judgment rendered could not be carried into effect. Where the right sought to be enforced has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to relators, the relief sought will not be awarded and this is true even though relators would be entitled to the relief sought if the issues involved had not become moot. 55 C.J.S. Mandamus § 55, p. 96. The day following the filing of the notice of appeal in the trial court by relators, the meeting sought to be affected by these proceedings was held. The occurrence of this event makes it unnecessary for this court to decide the questions presented by relators' appeal.

The relief sought by relators cannot be granted.

█ If a reversal of Count I of the petition should be obtained by relators the relief of mandamus prayed for would be ineffective and unenforceable, inasmuch as the stockholders' meeting has been held. In connection with Count II of the petition if the ruling of the trial court should be reversed the injunctive relief sought could not be granted. The trial court cannot enjoin the doing of an act which has long since been consummated. Under such circumstances the court will not go through the empty formality of determining whether or not the relief asked for might have been granted or could have been granted but for the changed conditions. When such circumstances exist the case is then said to be moot. State ex rel. Myers v. Shinnick, Mo., 19 S.W.2d 676. The aforesaid case also holds that when a case becomes moot, it will, as a general rule, be dismissed. The fact that the cause has become moot pending the appeal is of no consequence. We said in Hribernik v. Reorganized School District R–3, Mo.App., 276 S.W.2d 596, 598, that it is just as much moot as if the suit had been moot from the beginning.

█ What we have said above is true except where the questions involved are matters of public interest. Where public interest is involved, then the questions presented, even though moot and the relief sought would be ineffectual, jurisdiction may be retained by the court to determine the issues involved. Our examination of the pleadings reveals nothing of public interest. The case is that of two individual stockholders against a corporation. Nothing has been pleaded that would permit the application of the public interest rule. Western Auto Supply Company v. Banner, Mo.App., 288 S.W.2d 402, 403.

█ It is the duty of this court to decide actual and live controversies that can result in judgments capable of enforcement. It is not our purpose or duty to render

opinions upon moot questions or abstract propositions where effective and actual relief cannot be granted.

In a case before the United States Court of Appeals, Dyer v. Securities and Exchange Commission, 8 Cir., 251 F.2d 512, the relators herein filed a petition to review an order of the Securities and Exchange Commission. The Union Electric Company intervened as a respondent. This proceeding involved the use by the Union Electric Company of the proxy forms complained of in the instant proceeding. The court dismissed the petition to review the order of the Securities and Exchange Commission on the ground that the questions involved were moot, because the stockholders' meeting was a consummated event.

The questions presented by this appeal are moot and the relief sought cannot be granted. The appeal should be dismissed. It is so ordered.

ANDERSON, J., concurs.