**M. M. MEREDITH, Appellant,**

v.

**Martin D. VAN OOSTERHOUT, Appellee.**

No. 16528.

United States Court of Appeals
Eighth Circuit.

Dec. 21, 1960.

M. M. Meredith, Atlantic, Iowa, pro se.

Roy W. Meadows, U. S. Atty., Des Moines, Iowa, for appellee.

Before VOGEL, MATTHES and BLACKMUN, Circuit Judges.

PER CURIAM.

M. M. Meredith, the appellant herein, commenced this action on February 10, 1960, in Iowa state district court, asking a money judgment against the appellee, Martin D. Van Oosterhout, a duly appointed and qualified United States Circuit Judge for the Eighth Circuit. The complaint alleged that the appellant has been injured because the appellee, "acting in his official capacity * * * adjudicated Civil Action No. 15666 and Civil Action No. 16036"; "* * * that defendant [appellee] made the aforesaid two adjudications in bad faith; that he knowingly and intentionally made them in a dishonest manner; and that he thereby wantonly and maliciously violated the obligation which he had assumed when he took his oath of office." To the complaint the appellant attached and made a part thereof an "appendix", which document consisted of Counts 1 to 7, inclusive, wherein appellant claimed to set forth the "official acts" on which his claim was based. At the same time the appellant filed certain motions with

the Iowa state district court: 1) asking that the state court rule that the case be not transferred to any federal court, mainly on the assertion that he had reasonable grounds for believing that he would be unable to obtain a fair hearing or trial of the case "in any federal court", that if appealed the appellate court would affirm the decision of the lower court and that an application for writ of certiorari to the Supreme Court would be denied; 2) that a hearing be had on his motions and that he be allowed to testify; 3) that no United States Attorney acting officially be permitted to participate in the case excepting when the motions were being considered.

On February 24, 1960, the appellee, acting by and through the United States Attorney for the Southern District of Iowa, who had been duly authorized by the Attorney General of the United States to represent him, filed petition and bond to remove the case to the United States District Court, pursuant to the provisions of §§ 1442(a) and 1446, Title 28 U.S.C.A. After the case was removed, the appellant, on March 3, 1960, filed a motion in the Iowa state district court, asking that court to hold the removal null and void on the grounds that the removal was "illegal" and " * * * would have the effect of requiring plaintiff to submit an issue for decision to a court which he has reasonable grounds for believing would not accord him a fair Hearing nor an honest Decision."

The appellee, through the United States Attorney, filed answer in the United States District Court alleging 1) that the appellant had failed to state a claim upon which relief could be granted; 2) that appellant's petition alleged that the appellee was a judicial officer of the United States of America during the commission of all the acts alleged and at all times material thereto; 3) that during the commission of all acts alleged by appellant and at all times material thereto appellee was a judicial officer of the United States of America and acting within the limits of his jurisdiction and that by reason thereof no action could lie against him; and 4) stated that he is and was during all times material a Judge of the United States Court of Appeals for the Eighth Circuit and that in his official capacity and as a member of such court he participated in the two civil actions referred to in the complaint and denied all other allegations of the complaint.

Thereafter, and on March 11, 1960, the appellee filed his motion for summary judgment upon the grounds that appellant had failed to state a claim upon which relief could be granted. Hearing on the motion was set for April 5, 1960. On March 29, 1960, appellant filed a "Limited Appearance of Plaintiff", mainly for the purpose of bringing to the attention of the United States District Court the fact that he had filed a motion with the state court claiming that the transfer or removal of the case was null and void. At the hearing on April 5, 1960, the appellant failed to appear either in person or by counsel. The District Court held that it had jurisdiction over the parties and the subject matter and sustained appellee's motion for summary judgment dismissing appellant's complaint with prejudice and costs. This appeal followed.

Appellant is a farm implement dealer in Iowa. He has been admitted to the bar of that state and appears in his own behalf. For a period of years (since 1950) he has been subjecting the John Deere Plow Company to a series of lawsuits instituted by him *pro se* and based on the theory that he has been deprived of certain alleged contractual rights to represent the Plow Company in Iowa territory. We take official cognizance of our records with reference thereto. The first of such suits, Meredith v. John Deere Plow Co., D.C., 89 F.Supp. 787, was brought to recover damages for alleged breach by the Plow Company of his claimed oral contract of dealership or agency. The District Court dismissed because the relationship alleged was, on its face, one that under the law of Iowa was terminable at will and accordingly unenforceable. Such

action was affirmed by the United States Court of Appeals on December 20, 1950, 8 Cir., 185 F.2d 481, certiorari denied, 341 U.S. 936, 71 S.Ct. 856, 95 L.Ed. 1364. A second suit on the same grounds was dismissed in the District Court and affirmed by the United States Court of Appeals on July 31, 1953, 8 Cir., 206 F.2d 196, certiorari denied, 346 U.S. 898, 74 S.Ct. 223, 98 L.Ed. 399.

Meredith's alleged claim against the John Deere Plow Company was fully and conclusively adjudicated against him in the two foregoing cases. At the time such decisions were rendered, the appellee herein was not even a member of the United States Court of Appeals for the Eighth Circuit and did not and could not have participated in any way therein.

The two suits referred to in appellant's complaint and in which the appellee did participate as one of three judges followed the two cases just referred to and were based on the same subject matter. Civil Action No. 15,666 is Meredith v. John Deere Plow Co., 8 Cir., 244 F.2d 9, certiorari denied, 355 U.S. 831, 78 S.Ct.· 44, 2 L.Ed.2d 43. In such suit appellant sought specific performance of the alleged agency with the Plow Company, refusing to recognize the legal effect of the holding in the two earlier cases that the agreement was unenforceable. The suit was dismissed by the District Court, which action was affirmed on appeal. Civil Action No. 16,036 is Meredith v. John Deere Plow Co., 8 Cir., 261 F.2d 121, certiorari denied, 359 U.S. 909, 79 S.Ct. 586, 3 L.Ed.2d 574. Such suit was brought by the John Deere Plow Company to restrain Meredith from commencing or prosecuting further suits against the company relitigating the same cause of action which was the basis of the preceding suits. Judgment was granted for the Plow Company, affirmed on appeal and certiorari denied. It is these last two suits that Meredith uses as basis for his claim against the appellee, although the appellee was only one of three judges in each case. Since appellee is a resident of Iowa and the other judges are nonresidents, it is obvious why suit was brought only against him.

For a history of the extensive, repetitious and exhaustive litigation commenced by the appellant against John Deere Plow Company, terminating finally in the granting of an injunction against him, see the cases cited heretofore. Four District Judges have held the appellant's claim against the John Deere Plow Company to be without merit. Four District Court judgments adverse to the claims of Meredith have been affirmed on appeal. Seven Circuit Judges have sat on one or more of such appeals. Certiorari has been applied for and denied in each case. Each one of us has examined the records in detail. Each one of us is of the opinion that the appellee could have acted no differently than he did in the two cases in which he participated as only one member of the court. We must, however, pass on appellant's various contentions.

We first consider his claim that the action commenced in state court was improperly removed to the United States District Court. The removal of cases from state to federal court where federal officers have been sued or are being prosecuted is governed by § 1442, Title 28 U.S.C.A. Subsections (a)(1) and (3) of that section provide:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

\* \* \* \* \* \*

"(3) Any officer of the courts of the United States, for any Act under

color of office or in the performance of his duties; * * *."

 Appellant's complaint shows on its face that the appellee is a Judge of the United States Court of Appeals for the Eighth Circuit. It specifically alleges that the appellee, "acting in his official capacity adjudicated Civil Action No. 15666 and Civil Action No. 16036" and that said adjudications were in bad faith, etc. Clearly, the complaint itself established that the case was removable to the United States District Court under either subsection (1) or subsection (3). Additionally, appellee's petition for removal affirmatively alleged the grounds therefor and incorporated appellant's petition by reference. Appellee took all the necessary steps provided for by § 1446, Title 28 U.S.C.A. Removal from state to federal court thereupon became automatic under subsection (e) of § 1446, Title 28 U.S.C.A., which provides:

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

The record leaves no room for doubt as to the propriety of the removal. It should be further pointed out that if the appellant desired to challenge the removal properly, his remedy lay in a motion for remand in accordance with the provisions of § 1447, 28 U.S.C.A., and not in the futile and useless filing of his motions in the Iowa state court. We conclude that the case was properly removed.

Appellant also attacks the representation of the appellee by the United States Attorney, claiming that the latter had no authority to act in his official capacity and that his actions were null and void. As we have heretofore pointed out, appellant's complaint is based upon appellee's official acts in connection with the per-

formance of his duty as a Judge of the United States Court of Appeals for the Eighth Circuit. § 309, Title 5 U.S.C.A. provides that:

"* * * the Attorney General may, whenever he deems it for the interest of the United States, either in person conduct and argue any case in any court of the United States in which the United States is interested, or may direct the Solicitor General or any officer of the Department of Justice to do so."

Section 316, Title 5 U.S.C.A. provides:

"§ 316. *Interest of United States in pending suits.* The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in any suit pending in any of the courts of the United States, or in the courts of any State, or to attend to any other interest of the United States."

Section 507, Title 28 U.S.C.A. provides:

"§ 507. *Duties; supervision by Attorney General*

"(a) Except as otherwise provided by law, it shall be the duty of each United States attorney, within his district, to:

"(1) Prosecute for all offenses against the United States;

"(2) Prosecute or defend, for the government, all civil actions, suits or proceedings in which the United States is concerned;

* * * * * *

"(b) The Attorney General shall have supervision over all litigation to which the United States or any agency thereof is a party and shall direct all United States attorneys, assistant United States attorneys, and attorneys appointed under section 503 of this title, in the discharge of their respective duties."

 In the instant case the United States was, of course, interested and concerned in a civil action brought against

a judge of one of its courts for acts performed in his official capacity. The Attorney General, exercising the discretion vested in him by the foregoing, authorized and directed the United States Attorney for the Southern District of Iowa to appear for and represent the appellee herein. An identical situation was considered by the United States Court of Appeals for the District of Columbia in Booth v. Fletcher, 1938, 69 App.D.C. 351, 101 F.2d 676, certiorari denied, 307 U.S. 628, 59 S.Ct. 835, 83 L.Ed. 1511. That court dealt with the power and authority of the Attorney General himself as well as of his representatives to appear to protect the interests of the United States and conduct the defense of an action commenced by a private citizen in his own name against officers (judges) of the United States government. Therein the court stated, 101 F.2d at page 679:

"It is not even a doubtful question whether the appearance of these officers was proper in the present case. The law provides (R.S. §§ 359, 367, 5 U.S.C.A. §§ 309, 316, 2 F.C.A. Title 5, §§ 309, 316):" (supra)

At page 681:

"The law provides that the Attorney General, *whenever he deems it for the interest of the United States,* may, in person, conduct and argue any case in any court of the United States in which the United States is interested, or may direct the Solicitor General or any officer of the Department of Justice to do so. It does not limit his participation or the participation of his representatives to cases in which the United States is a party; it does not direct how he shall participate in such cases; it gives him broad, general powers intended to safeguard the interests of the United States in any case, and in any court of the United States, whenever in his opinion those interests may be jeopardized."

And at pages 683–684:

" * * * Here the action was commenced by appellee, a private citizen, in his own name, against officers of the United States Government, and the only question involved is whether the Attorney General has power to appear to protect the interests of the United States and conduct the defense of its officers."

As in Booth v. Fletcher, we think that here, too, there can be no question about the right of the United States through its Attorney General and other subordinate officers to appear for and conduct the defense of any of its officials who have been proceeded against by reason of their official acts. We hold the appearance of the United States Attorney in behalf of the appellee to be entirely proper.

■■ Finally, there is for consideration the action of the trial court in granting motion for summary judgment on the ground " * * * that the Plaintiff's complaint is without merit and does not state a claim upon which relief can be granted." In his answer, the appellee, while generally and specifically and fully denying the truth of appellant's allegations, points out that at all times material hereto he was acting as a judicial officer of the United States within the limits of his jurisdiction and that the allegations of appellant's complaint affirmatively so establish. It is accordingly clear upon the face of the pleadings that the acts made the basis of the claim were privileged and no civil responsibility may be predicated thereon. It is the general rule that a judge may not be held liable civilly for his acts done in the exercise of his judicial functions no matter how illegal, erroneous or irregular the acts may be. The rule is applicable even if the acts be performed maliciously, corruptly or in excess of his jurisdiction. Sound considerations of public policy require that the judiciary be independent, with freedom to make unbiased decisions in no way controlled or influenced by fear of personal consequences, such as civil suits for imagined or even real impropriety. In so stating, however, we do not intimate even the bare possibility of there being any truth in the fantastic, baseless

and grossly unjust charges made by the appellant in this case.

The Supreme Court of the United States in Bradley v. Fisher, 1871, 13 Wall. 335, at page 347, 20 L.Ed. 646, in asserting the doctrine of judicial immunity from civil liability, stated:

> "The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well-ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country. It has, as Chancellor Kent observes, 'a deep root in the common law.'

> "Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry." 13 Wall. at page 347.

It is true, as stated by the appellant in his brief, that the Supreme Court does point out at pages 351 and 352 that:

> " * * * A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter."

The court states, however, at page 352:

> " * * * But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend."

The Supreme Court goes on to point out at the same page that if a probate court invested only with authority over wills and settlement of estates should proceed to try parties for public offenses, jurisdiction over the offenses being entirely wanting in the court, and this known to the judge, no protection would be afforded him for such usurped authority. No such situation prevails in the instant case. The complaint is for improper adjudication of two civil actions by the appellee "acting in his official capacity" and sets forth seven "official acts" upon which the claim of injury is based. The "distinction" referred to by the Supreme Court in Bradley is clearly not applicable here.

The Supreme Court also stated, at page 354:

> "The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts existing when there is jurisdiction of the subject-matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done."

In discussing limitations to the doctrine of official immunity, Judge Learned Hand, in Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579, 581, stated:

> "The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. *What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him.* For the foregoing

reasons it was proper to dismiss the first count." (Emphasis supplied.)

Appellee was acting within his official power when he participated in the adjudications of the two cases referred to.

This court had occasion to deal with the problem of judicial immunity in Brictson v. Woodrough, 8 Cir., 1947, 164 F.2d 107, 109, wherein Judge Phillips, sitting by assignment and speaking for the court, stated:

> " * * * While we are convinced that the complaint and proposed amendments wholly failed to state a cause of action against such defendants, it becomes unnecessary to determine that question. All of the acts charged against such defendants consisted of judicial acts done by them as judges, each acting within the limits of his jurisdiction.

> "Resting on considerations of public policy to the end that the administration of justice may be independent and based on the free and unbiased convictions of the judge, uninfluenced by apprehension of personal consequences, it is a general rule that, where a judge has jurisdiction over the subject matter and the person, he is not liable civilly for acts done in the exercise of his judicial function, even though he acts erroneously, illegally, or irregularly, or even corruptly."

The most recent word on the subject from the Supreme Court of the United States is found in Barr v. Matteo, 1959, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434:

> " * * * This Court early held that judges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed, Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646, and that a like immunity extends to

other officers of government whose duties are related to the judicial process. Yaselli v. Goff, 12 F.2d 396, 56 A.L.R. 1239, affirmed *per curiam*, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395, involving a Special Assistant to the Attorney General."

We conclude that the granting of summary judgment on the face of the pleadings was entirely proper.

Affirmed.