*Decision will be entered under Rule 50.*

MERRITT M. MEREDITH AND VERA MEREDITH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 934–65. Filed January 31, 1967.

Merritt M. Meredith, pro se.
*Victor Becker*, for the respondent.

BRUCE, *Judge:* Respondent determined a deficiency in income tax for the calendar year 1961 in the amount of $1,190.14. The sole issue for decision is whether amounts paid for a fine, court costs, and other expenses in a civil contempt proceeding, and court costs with respect to a petition for a writ of certiorari are allowable deductions as ordinary and necessary business expenses under section 162(a) or expenses incurred for the production or collection of income within the meaning of section 212(1) of the Internal Revenue Code of 1954.

### FINDINGS OF FACT

The stipulated facts and exhibits attached to the stipulation are incorporated by this reference.

Petitioners are husband and wife who resided in Atlantic, Iowa, in the years involved.

Petitioners filed a joint Federal income tax return for 1961 with the district director of internal revenue at Des Moines, Iowa. Merritt M. Meredith will be referred to herein as the petitioner.

During 1961 and for a number of years prior thereto petitioner was the owner and operator of two hardware and farm implement stores located at Atlantic and Griswold, Iowa. A part of the business operations consisted of the retail sale of farm implements and accessories placed in the custody of petitioner for resale to farmers.

Prior to 1945 the John Deere Plow Co. of Moline, Ill., herein referred to as Deere, a manufacturer of farm implements, was represented in Atlantic and Griswold by petitioner as a dealer.

In 1945 Deere terminated petitioner's agency for its products. In 1949 petitioner instituted an action against Deere in a District Court of the State of Iowa to recover damages alleged to have resulted from the breach of an oral agency sales contract between himself and Deere. The case was removed to the U.S. District Court for the Southern District of Iowa, Western Division, which sustained the defendant's motion to dismiss the complaint for failure to state a claim upon which relief could be granted, and judgment of dismissal was entered. The court held that the agreement was terminable at will by either party without liability. *Meredith* v. *John Deere Plow Co. of Moline*, 89 F. Supp. 787 (1950). On appeal this judgment was affirmed, 185 F. 2d 481 (C.A. 8, 1950), and certiorari was denied, 341 U.S. 936 (1951).

In 1952 petitioner instituted an action against Deere in the U.S. District Court to enforce an alleged association agreement between

him and Deere. The court dismissed the complaint as failing to state a claim upon which relief could be granted. The order was affirmed on appeal, *Meredith* v. *John Deere Plow Co. of Moline, Ill.,* 206 F. 2d 196 (C.A. 8, 1953), and certiorari was denied, 346 U.S. 898 (1953).

A third action instituted by petitioner against Deere to have an alleged contract recognized and enforced was dismissed by the U.S. District Court on the same ground and the order was affirmed on appeal, *Meredith* v. *John Deere Plow Co. of Moline, Ill.,* 244 F. 2d 9 (C.A. 8, 1957), and certiorari was denied, 355 U.S. 831 (1957).

Thereafter Deere brought suit against petitioner in the U.S. District Court for an injunction to prevent petitioner from continuing, commencing, or prosecuting any proceeding against Deere, in State or Federal court, attempting to relitigate the same cause of action or any right, question, or fact relating to the subject matter thereof, which had been involved in the decisions of the District Court and affirmances in the three cases hereinbefore described. On April 30, 1958, judgment was entered in favor of Deere and this was affirmed on appeal, *Meredith* v. *John Deere Plow Co. of Moline, Ill.,* 261 F. 2d 121 (C.A. 8, 1958), and certiorari was denied, 359 U.S. 909 (1959).

In February 1960 petitioner commenced, in an Iowa State court, an action for damages against Martin D. Van Oosterhout, one of the judges of the U.S. Court of Appeals for the Eighth Circuit, alleging that petitioner had been injured because the judge, acting in his official capacity, had adjudicated the actions in the foregoing decisions of the Court of Appeals in 1957 and 1958 and had made the adjudications in bad faith and in a dishonest manner. The case was removed to the U.S. District Court and the defendant's motion for summary judgment dismissing the complaint with prejudice and costs was sustained. The order of dismissal was affirmed on appeal, *Meredith* v. *Oosterhout,* 286 F. 2d 216 (C.A. 8, 1960), and certiorari was denied, 365 U.S. 835 (1961).

On or about September 10, 1960, petitioner filed in the District Court of the State of Iowa, in and for Cass County, a petition at law naming as defendants Deere and Raymond A. Smith. Smith was counsel for Deere in the earlier litigation. Following the institution of this action, Deere filed in the U.S. District Court a petition for an order to show cause why petitioner should not be held in contempt of court for violation of the court's order entered April 30, 1958. The cause was tried on February 27 and 28, 1961, and the court entered an order on March 30, 1961, adjudging the petitioner to be in violation of the court's order dated April 30, 1958, and by reason thereof in contempt of court. By the same order the court imposed a fine of $3,200 for the benefit of Deere and the costs of the action.

Pursuant to the order of March 30, 1961, petitioner paid the sum of $3,246 in April 1961 to the clerk of the District Court.

During 1961 petitioner paid $47.50 for a transcript of proceedings in the contempt proceeding, and paid court costs amounting to $301.29 in connection with a petition for certiorari in the case of *Meredith* v. *Van Oosterhout, supra.*

In the petitioners' Federal income tax return for 1961 they claimed a deduction for $3,594.79, consisting of the fine and court costs, the cost of a copy of the transcript of proceedings, and the court costs with respect to the petition for a writ of certiorari as described above.

The foregoing expenses for which the deduction was claimed were not ordinary and necessary expenses of petitioner's business and were not incurred for the production or collection of income.

## OPINION

Petitioner's business was the operation of stores selling hardware and farm implements. For many years he was a dealer in implements manufactured by the John Deere Plow Co. In 1945 Deere terminated petitioner's dealership. Petitioner considered himself aggrieved and damaged by this. In 1949 he sued Deere in a State court for damages allegedly resulting from the cancellation of the oral contract which he contended gave him a perpetual agency for Deere. The case was removed to a Federal court by the defendant. This court granted Deere's motion to dismiss, which action was affirmed by the Court of Appeals and certiorari was denied. Petitioner commenced two subsequent actions on the same cause with the same result. Deere then obtained an injunction in 1958 to bar petitioner from further prosecuting this claim. The injunction proceeding was contested on appeal and certiorari was denied. In 1960 petitioner filed another suit against Deere. The court found petitioner in contempt of court in violation of the injunction and fined him $3,200 and costs.

Petitioner appeared pro se and has filed no brief in the present case.

The principal issue is whether the fine and costs are deductible, either under section 162(a)[1] as ordinary and necessary expenses of petitioner's business or under section 212(1)[2] as paid for the production or collection of income, or are nondeductible personal expenses. See *United States* v. *Gilmore*, 372 U.S. 39 (1963). The burden of proof is upon the petitioner. Tax Court Rule 32. Petitioner has

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

[2] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income;

failed to prove that the amounts here involved were ordinary and necessary expenses of his business.

The payment of the fine is not an ordinary and necessary expense of petitioner's business. Fines are not so regarded as a matter of law. *Tank Truck Rentals* v. *Commissioner*, 356 U.S. 30 (1958). This is the rule even when the violation is inadvertent. *Hoover Express Co.* v. *United States*, 356 U.S. 38 (1958). See also *Commissioner* v. *Tellier*, 383 U.S. 687 (1966). The violation here was deliberate and far from inadvertent. Furthermore, the relationship of the fine in this case to petitioner's implement business is too remote to warrant deduction as an expense of that business. Although the litigation in the first three cases arose from his business relationship to Deere, the issues therein had been adjudicated and finally determined. Deere had found it necessary to seek an injunction to stop petitioner's repeated, baseless, and vexatious suits on the same subject. When petitioner deliberately violated the injunction, his action was personal and the fine resulting was a personal expense. It was not necessary to his business that he violate the injunction. The expense of the fine is not deductible. To allow a deduction in such a situation would substantially dilute the actual punishment imposed. *Commissioner* v. *Tellier, supra* at 694.

The other expenses for which deductions were claimed are personal expenses. In *Commissioner* v. *Tellier, supra*, the Court held that expenses of litigation in the unsuccessful defense of the taxpayer against criminal charges in relation to his business were deductible as ordinary and necessary business expenses.

We have considered the question whether the holding in *Tellier* requires the allowance of the deductions here claimed for the cost of the transcript in the contempt proceeding or the court costs in the application for certiorari in the petitioner's proceeding against Judge Van Oosterhout. We hold that these expenses were personal and were not related to the petitioner's business.

In *Dyer* v. *Commissioner*, 352 F. 2d 948 (C.A. 8, 1965), affirming a Memorandum Opinion of this Court, the taxpayer, an attorney, claimed deductions as business expenses for amounts paid with respect to nine separate controversies with Union Electric Co. and with the Securities and Exchange Commission.[3] The controversies concerned solicitation for proxies, proposed changes in the bylaws of the corporation, attacks upon proposed rate increases, an attack upon the issuance

---

[3] *State* v. *Union Electric Co.*, 309 S.W. 2d 649 (Mo. App. 1958) ; *Dyer* v. *Union Electric Co.*, 318 S.W. 2d 401 (Mo. App. 1958) ; *State* v. *Union Electric Co.*, 312 S.W. 2d 151 (Mo. App. 1958) ; *Dyer* v. *Securities and Exchange Commission*, 251 F. 2d 512 (C.A. 8, 1958), 361 U.S. 803 (1958), remanded 287 F. 2d 773 (C.A. 8, 1961) ; *Dyer* v. *Securities and Exchange Commission*, 266 F. 2d 33 (C.A. 8, 1959), certiorari denied 361 U.S. 835 ; *Dyer* v. *Securities and Exchange Commission*, 291 F. 2d 774 (C.A. 8, 1961) ; *Dyer* v. *Securities and Exchange Commission*, 289 F. 2d 242 (C.A. 8, 1961) ; *State* v. *Public Service Commission*, 341 S.W. 2d 795 (Mo. 1961), certiorari denied 366 U.S. 924 ; *Dyer* v. *Securities and Exchange Commission*, 290 F. 2d 534 (C.A. 8, 1961).

of additional stock, and an action by the Commission against the taxpayer for injunctive relief with respect to what was claimed to be his solicitation for proxies. The Court of Appeals affirmed a Memorandum Opinion of this Court holding that the expenses were not deductible under section 162 (a) as ordinary and necessary expenses incurred in Dyer's business, or under section 212 as paid for the production or collection of income. The court observed (p. 952):

the nondeductibility of the expenditures under § 162 (a) or § 212 appears to be inevitable. To the extent that conclusions of law are involved—and they necessarily are—they flow from the facts found. To the extent findings of fact are concerned, they find ample and almost overwhelming support in the record. Indeed, the very listing of the nine separate controversies provides a vivid outline of the taxpayer's running controversy with Union and with the SEC whenever that agency's posture and duties necessarily propelled it onto the Dyer-Union battleground. This has been a personal struggle, almost a vendetta, with Union. In the present context, the possible existence of an appropriate original reason for one to question management * * * loses significance.

The resemblance of *Dyer* to the present case is obvious. In sustaining the order granting the injunction against Meredith, the Court of Appeals said (261 F. 2d 121, 122–124):

In the first suit referred to above, 185 F. 2d 481, appellant sought to recover damages in breach for appellee's termination of his alleged oral contract of dealership or agency. The District Court held, 89 F. Supp. 787, that the relationship asserted by him was on its face one that under Iowa law was terminable at will and hence was without any enforceability. We affirmed.

In his next suit, 206 F. 2d 196, appellant sought to use the relationship as a basis for an accounting as to the sales of appellee's implements and machinery occurring in the territory subsequent to the termination of his agency. We affirmed the dismissal made of this case, repeating our previous holding that "the agreement upon which the plaintiff relied was not enforceable against the defendant, being terminable at will".

In his third suit, 244 F. 2d 9, appellant sought specific performance of the agency relationship, ignoring his initial recognition of a termination having occurred, and refusing also to accord any legal effect to the holding in the two earlier cases that the alleged agreement lacked enforceability.

Throughout all this litigation, appellant has taken the position that he has the right, and that he intends to continue to institute suits against appellant to try to obtain a redress of the wrong which he evidently feels has been done him. He appears to be possessed of the notion that the dismissal of one suit on or involving the contract cannot operate to bar another, without a formal trial upon the facts which he claims existed. We tolerantly pointed out to him in our third opinion, 244 F. 2d at pages 10–11, that, under Rule 41 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the orders of dismissal made against him operated legally as an adjudication upon the merits of his claim. Lacking enforceability, the agency or dealership agreement necessarily was without basis to support an action, whether in damages, accounting, or specific performance, or any other theory of reach against appellee's termination.

\*        \*        \*        \*        \*        \*        \*

While we have thus sympathetically tried to demonstrate to appellant that his cases and contentions have had the full and conscientious consideration of the courts, we should add that the judicial action which the trial court here

took, and which is now before us for review, was in any event commanded legally by the adjudications made and inhering in our previous decisions, without regard to the discussion which has been engaged in herewith.

While the petitioner's first action undoubtedly arose out of his business relationship with Deere, and the costs of that suit were ordinary and necessary expenses of his business, by the time he initiated the action against the judge and filed the last suit against Deere, in violation of the injunction, the original cause of action had ceased to have significance. The controversy had become a personal struggle, a vendetta, and the expenses incurred had no proper relationship to the petitioner's business.

The action brought against Judge Van Oosterhout related to decisions of the Court of Appeals made in the petitioner's third suit against Deere and in Deere's suit for an injunction. The business issue had been decided against petitioner long before these cases were initiated. There was no business relationship to the expenses of the action against the judge, which was a personal accusation completely without merit.

For the reasons stated, we sustain the respondent's determination.

*Decision will be entered for the respondent.*