**INDUSTRIAL DEVELOPMENT COMPANY OF LITTLE ROCK, Appellant,**

v.

**Guy A. THOMPSON, Trustee, Missouri Pacific Railroad Company, Debtor, and Chicago, Rock Island and Pacific Railroad Company, Appellees.**

**No. 15446.**

United States Court of Appeals Eighth Circuit.

April 18, 1956.

Richard C. Butler, Little Rock, Ark. (House, Moses & Holmes, Little Rock, Ark., were with him on the brief), for appellant.

Herschel H. Friday, Jr., Little Rock, Ark. (Pat Mehaffy, Little Rock, Ark., was with him on the brief), for appellee Guy A. Thompson, trustee, Missouri Pac. R. Co., debtor.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order dismissing the complaint of the plaintiff (appellant) upon the ground that the plaintiff was not a "party in interest" within the meaning of Title 49 U.S.C.A. § 1, paragraph (20), which provides in substance, that the construction of an extension of a line of railroad, in the absence of a certificate of convenience and necessity from the Interstate Commerce Commission, may be enjoined at the suit of "any party in interest."

The complaint, which was filed on July 15, 1955, stated that the purpose of the action as against the defendant (appellee) Thompson, Trustee of the Missouri Pacific Railroad Company, Debtor, was "to enjoin the Missouri Pacific from constructing a railroad and thereby extending its lines into new territory owned and developed by the plaintiff, without first obtaining from the Interstate Commerce Commission a certificate of convenience and necessity authorizing such extension."

The complaint alleged, in substance, that the plaintiff owned a 600-acre tract of land near the city of Little Rock; that the main line of the Chicago, Rock Island & Pacific Railroad Company is close to the tract on the East and the main line of the Missouri Pacific Railroad Company is close to the tract on the West; that the plaintiff holds the land for the purpose of developing it into industrial sites by the installation of utilities, railroad tracks and other facilities; that the plaintiff has expended substantial sums of money in having experts lay out the location of utilities and railroad tracks to afford the maximum use of the land; that joint service by two or more railroads is desirable; that the plaintiff, in advertising industrial sites for sale, has represented that the entire tract will be served by the Rock Island and Missouri Pacific on a joint basis, and has, in effecting one sale, contracted that the site sold will be served by both railroads on such a basis.

The plaintiff further alleged in its complaint that it was a "party in interest" because the Missouri Pacific, in constructing the extension of its lines, was attempting, through eminent domain proceedings in a state court, to condemn

a right-of-way across the plaintiff's property, and because of the plaintiff's interest in having joint rail facilities laid out according to its overall plan for the development of its industrial district; that the Missouri Pacific has, in condemnation proceedings, acquired a right-of-way from a point on its main line to the North boundary of the plaintiff's property; that on July 13, 1955, the Missouri Pacific commenced construction of a railroad track on the right-of-way; that this is an extension of its lines, requiring a certificate of convenience and necessity from the Interstate Commerce Commission under Title 49 U. S.C.A. § 1, paragraph (18); that the Missouri Pacific has obtained no such certificate; that the extension is for the purpose of establishing single line service to industries which may locate in the Little Rock Industrial District; that the plaintiff, in reliance upon representations made to it by responsible representatives of the Missouri Pacific in the spring of 1955 that arrangements would be made to provide joint service with the Rock Island to the industrial district, contracted with the American Machine & Foundry Company, to which the plaintiff had sold, or was selling, a tract of its land, that that Company should have joint rail service; and that the Missouri Pacific is estopped to construct tracks into the area for single line service, and should be enjoined.

The defendant Thompson, Trustee, moved to dismiss the plaintiff's complaint on two grounds: (1) that the court lacked jurisdiction because the plaintiff was not a "party in interest", and (2) that the complaint failed to state a claim upon which relief could be granted.

The Rock Island filed an "Answer and Complaint for a Declaratory Judgment," in support of the plaintiff's claim for an injunction, in which it asked that, if the court should deny the plaintiff the injunction prayed for by it, the court declare that the construction by the Rock Island of tracks into the industrial district would not be an "extension" of its line but would be spur, industrial, team,

switching or side tracks within the meaning of Title 49 U.S.C.A. § 1, paragraph (22).

At the hearing on the motion of the defendant Thompson, Trustee, to dismiss, the plaintiff made offers of proof in support of the allegations of its complaint. The court, on July 22, 1955, ordered that the complaint be dismissed on the ground that the plaintiff was not a "party in interest." The court also ordered that the complaint of the Rock Island for a declaratory judgment be dismissed "without prejudice to its right to maintain an independent action for an injunction or a declaratory judgment, or to seek any other relief to which it might be entitled in a subsequent action."

It is apparent from the plaintiff's complaint, from the proofs which it offered at the time the motion to dismiss was heard by the District Court, and from its briefs and oral argument in this court, that the plaintiff's purpose in bringing this action was not to prevent the defendant Thompson, Trustee, from furnishing rail service to the one industry which had purchased land within the industrial district and needed rail service, and the plant of which was then under construction, but was to compel the defendant Thompson, Trustee, to conform to the plaintiff's plan for the layout of trackage in the district for joint service by the two railroads. The complaint showed that that defendant had lawfully acquired a right-of-way from the main line of the Missouri Pacific to the North boundary of the district and had commenced constructing a line of track on the right-of-way which had been acquired.

After the dismissal of the plaintiff's complaint for an injunction and the answer and complaint of the Rock Island praying for a declaratory judgment, the Rock Island brought an action against the defendant Thompson, Trustee, to enjoin him from constructing the contemplated line of track to the industrial district, on the theory that it was an extension within the meaning of Title 49 U.S. C.A. § 1, paragraph (18), which could not

lawfully be constructed without a certificate of convenience and necessity from the Interstate Commerce Commission. The Rock Island also asked that, if the court should hold that the construction by the defendant Thompson, Trustee, of the line of track complained of was not an extension requiring a certificate of convenience and necessity from the Interstate Commerce Commission, the court declare that the building of a track by the Rock Island from its main line into the industrial district would not be an "extension" of its line requiring such a certificate. Judge Lemley (who had dismissed the complaint in the instant action), in a carefully considered opinion filed on October 12, 1955, Chicago, Rock Island & Pacific Railroad Co. v. Thompson, D.C.E.D.Ark., 135 F.Supp. 43, stating in detail the factual situation out of which the instant controversy and that between the Rock Island and the defendant Thompson, Trustee, arose and the Judge's views as to the applicable law, held that the proposed construction of the track by the defendant Thompson, Trustee, to serve the plant of the American Machine & Foundry Company (referred to in the opinion as AMF Cycle Company) within the industrial district would not constitute an "extension," and declared that a line of track, if constructed by the Rock Island from its main line into the industrial district to serve the AMF plant would constitute, because of distance and terrain, an "extension" of its line of railroad. The plaintiff in the instant action was not a party to the action brought by the Rock Island against the defendant Thompson, Trustee, although that action grew out of the same factual situation and presented the same controlling issues. The plaintiff contends in the instant case that it is a "party in interest" and is entitled to have the issues which were tried and decided by Judge Lemley in the Rock Island case retried and redecided.

■ We understand that the trackage from the main line of the Missouri Pacific to the plant of the American Machine & Foundry Company has been or is being constructed, and that the plaintiff has no desire to deprive that plant of rail service by the Missouri Pacific over that trackage. In practical effect, what we are being asked to do is to reverse Judge Lemley's judgment of dismissal of the plaintiff's complaint on the ground that he mistakenly held that the plaintiff was not a "party in interest", and to direct him to try an issue which he has already tried and decided adversely to the Rock Island in the action brought by it against the defendant Thompson, Trustee. The question whether the plaintiff was, at the time it brought the instant action, a "party in interest" seems to us to have become an academic question which had better be left undecided unless and until it arises in an appeal which reflects the existence of an actual and substantial controversy.

■ The issue of estoppel tendered by the complaint is, we think, without merit. There is no allegation in the complaint that the defendant Thompson, as Trustee in reorganization of the Missouri Pacific Railroad, had ever been authorized by the United States District Court for the Eastern District of Missouri, in the reorganization proceedings of the Missouri Pacific, to make representations or agreements relative to serving, jointly with the Rock Island, the plaintiff's industrial district.

■ Since the construction of the trackage which the plaintiff sought to enjoin is apparently an accomplished fact, and since the plaintiff no longer desires, and could not have, the relief for which it originally prayed, and since this court could not, in any event, direct the District Court to grant a mandatory injunction to compel the defendant Thompson, Trustee, or the Missouri Pacific Railroad Company, to conform to the plans of the plaintiff with respect to the layout of trackage within the industrial district for joint service, our conclusion is that the judgment appealed from has become unreviewable because of mootness. See and compare, American Book Company v. State of Kansas ex rel. Nichols, 193 U.S. 49, 52, 24 S.Ct. 394, 48 L.Ed. 613;

Selected Products Corp. v. Humphreys, 7 Cir., 86 F.2d 821, 822; Fleming v. Munsingwear, Inc., 8 Cir., 162 F.2d 125, 128; Minneapolis & St. L. Ry. Co. v. Pacific Gamble Robinson Co., 8 Cir., 181 F.2d 812, 814–815; United States v. International Union, United Mine Workers of America, 88 U.S.App.D.C. 341, 190 F.2d 865, 872–878; Campbell Soup Co. v. Martin, 3 Cir., 202 F.2d 398. We think, however, that the appeal should not simply be dismissed as moot, but that the judgment appealed from, having become unreviewable, should be vacated in conformity with the practice outlined in United States v. Munsingwear, Inc., 340 U.S. 36, 39–40, at page 41, 71 S.Ct. 104 at page 107, 95 L.Ed. 36, to prevent the possibility of its later "spawning any legal consequences" and that the District Court should now be directed by this Court to dismiss the complaint as moot.

The judgment appealed from is vacated as having become unreviewable for mootness, and the District Court is directed to dismiss the complaint as moot.