Nancy Corinne **DYER** and J. Raymond Dyer, Petitioners,

v.

**SECURITIES AND EXCHANGE COMMISSION**, Respondent,

Union Electric Company, a corporation, Intervenor-Respondent.

No. 15765.

United States Court of Appeals Eighth Circuit.

Jan. 24, 1958.

Rehearing Denied Feb. 25, 1958.

J. Raymond Dyer, St. Louis, Mo. (Nancy Corinne Dyer, as petitioner, was with him on the brief), for petitioners.

Daniel J. McCauley, Jr., Associate Gen. Counsel, Securities and Exchange Commission, Philadelphia, Pa. (Thomas G. Meeker, Gen. Counsel, Aaron Levy, Sp. Counsel, and Joseph S. Mitchell, Jr., Atty., Securities and Exchange Commission, Washington, D. C., were with him on the brief), for respondent.

Robert J. Keefe, St. Louis, Mo. (William H. Ferrell, Keefe, Doerner, Schlafly & Griesedieck, and J. M. Lashly, St. Louis, Mo., were with him on the brief), for intervenor-respondent.

Before SANBORN and VAN OOSTERHOUT, Circuit Judges, and HARPER, District Judge.

SANBORN, Circuit Judge.

This case comes before us on a petition to review an order of the Securities and Exchange Commission, entitled "Order Permitting Declaration to become effective Regarding Solicitation of Proxies," entered March 21, 1957, in the Matter of Union Electric Company, File No. 68–167, a proceeding before the Commission having to do with a declaration of that Company for the solicitation of proxies from its stockholders for use at its annual stockholders' meeting scheduled to be held April 20, 1957.

The petition to review was filed under 15 U.S.C.A. § 79x by Nancy Corinne Dyer and her father, J. Raymond Dyer, each of whom is a stockholder of the Union Electric Company, a Missouri corporation and a holding company registered under the Public Utility Holding Company Act of 1935, 49 Stat. 803, 15 U.S.C.A. §§ 79a et seq. The Company's offices are in St. Louis, Missouri, where the petitioners reside.

It is provided by § 79x(a): (1) that a person aggrieved by an order of the Commission, such as is here in question, may obtain a review of it by a United States Court of Appeals by filing and serving a petition praying that the order be modified or set aside in whole or in part; (2) that the Commission shall thereupon certify and file in the court a transcript of the record upon which the order complained of was entered; (3) that the findings of the Commission as to the facts, if supported by substantial evidence, shall be conclusive; and (4) that "The judgment and decree of the court affirming, modifying, or setting aside, in whole or in part, any such order of the Commission shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in sections 346 and 347 of Title 28" U.S.C. Subsection (b) of § 79x provides: "The commencement of proceedings under subsection (a) of this section shall not, unless specifically ordered by the court, operate as a stay of the Commission's order."

The petitioners, at the time they filed in this Court their petition for review of the Commission's order of March 21, 1957, also filed an application for a stay of the order. The application for a stay was argued on April 8, 1957, and was denied the following day.

The declaration which, by the order of the Commission, the Company was permitted and was authorized to use in the solicitation of proxies was used by the Company in the obtaining of proxies for its annual stockholders' meeting of April 20, 1957, the meeting was held pursuant to notice, the proxies were voted, directors were elected for the ensuing year, and other business was transacted.

If it be assumed that the order of the Commission permitting the Company to use the declaration which it did use in soliciting proxies for its April 20, 1957, meeting, was, as petitioners claim, invalid when entered and subject to being modified or set aside by this Court, in whole or in part, we cannot see that any judgment or decree which we might now enter in that regard could have any practical effect. The sole purpose of the proceeding before the Commission was to prevent the Company from soliciting proxies for the annual stockholders' meeting to be held on April 20, 1957, by the use of a declaration, proxy statement and proxy form, to which the petitioners had vigorously objected because of the omission of certain proposals submitted to the Company by petitioners in the form of resolutions or amendments to its by-laws to be voted upon at the stockholders' meeting of April 20, 1957.

■ When it appears in an action or proceeding that the thing sought to be prevented has been done and cannot be undone by any order of the court, the case is moot. Jones v. Montague, 194 U.S. 147, 158, 24 S.Ct. 611, 48 L.Ed. 913.

■ The duty of a court "is to decide actual controversies by a judgment which can be carried into effect, and not to give

**514**

opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293. See also and compare, People of State of California v. San Pablo and Tulare Railroad Co., 149 U.S. 308, 313–314, 13 S.Ct. 876, 37 L.Ed. 747; Richardson v. McChesney, 218 U.S. 487, 492, 31 S.Ct. 43, 54 L.Ed. 1121; Stearns v. Wood, 236 U.S. 75, 35 S.Ct. 229, 59 L.Ed. 475; United States v. Hamburg-American Co., 239 U.S. 466, 475–476, 36 S.Ct. 212, 60 L.Ed. 387; United States v. Alaska Steamship Co., 253 U.S. 113, 115–116, 40 S.Ct. 448, 64 L.Ed. 808; Industrial Development Co. of Little Rock v. Thompson, 8 Cir., 231 F.2d 825, 828–829 and cases cited.

■ The fact that a decision in a moot case will establish a rule for controlling predicted future conduct does not give the court any authority to decide it on the merits, and "No stipulation of parties or counsel * * * can enlarge the power, or affect the duty, of the court in this regard." United States v. Hamburg-American Co., supra, at pages 475–476, of 239 U.S. at page 216 of 36 S.Ct.; United States v. Alaska Steamship Co., supra, at page 116 of 253 U.S., at page 449 of 40 S.Ct.

■ "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." Amalgamated Association of St. Elec. Ry. and Motor Coach Employees of America, Division 998 v. Wisconsin Employment Relations Board, 340 U.S. 416, 418, 71 S.Ct. 373, 375, 95 L.Ed. 389.

■ Neither the Commission nor the Union Electric Company has raised any objection to our deciding this case upon the merits. In their briefs and arguments they have treated it as still a live and subsisting controversy. A decision on the merits might well be of much advantage to all parties concerned, and perhaps would tend toward putting an end to an acrimonious dispute. However, it seems so obvious to us that the contro-

versy is moot and the questions argued purely academic that we must refrain from expressing any opinion about them.

Since the order of the Commission with respect to the form and contents of the Company's declaration for the solicitation· of proxies for the April 20, 1957, annual meeting of its stockholders is not res judicata and will not tie the Commission's hands in the future, our conclusion is that the petition to review should be dismissed for mootness, without requiring a vacation of the Commission's order of March 21, 1957, in order "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." See, United States v. Munsingwear, Inc., 340 U.S. 36, 41, 71 S.Ct. 104, 95 L.Ed. 36, and Industrial Development Co. of Little Rock v. Thompson, supra, at page 829 of 231 F.2d.

The petition to review is dismissed as having become moot.