SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

J. Raymond DYER, Defendant.

No. 57C201(1).

United States District Court
E. D. Missouri, E. D.
July 28, 1958.

pertinent to the manner in which a Court's discretionary power is exercised.

**230**

Harry Richards, U. S. Atty., St. Louis, Mo., and Daniel J. McCauley, Jr., Associate Gen. Counsel, Securities and Exchange Commission, Washington, D. C., for plaintiff.

J. Raymond Dyer, St. Louis, Mo., pro se.

GEORGE H. MOORE, Chief Judge.

On April 9, 1957, the SEC filed a complaint in this Court seeking equitable relief against J. Raymond Dyer. The Commission sought, in its carefully drawn pleading, a temporary restraining order and a preliminary and final injunction (1) against defendant's use of the mails or other instrumentalities of interstate commerce to solicit proxies, or otherwise engage in a solicitation, in connection with the April, 1957, shareholders' meeting of the Union Electric Company without first complying with an order of the Commission dated February 27, 1957, and the rules of the Commission adopted pursuant to Section 12 (e) of the Public Utility Holding Company Act, 15 U.S.C.A. § 79(e); (2) against defendant's use of the mails, or other instrumentalities of interstate commerce, to persuade, influence, or otherwise solicit Union's shareholders except in compliance with the law; and (3) particularly against defendant's use of the mails to distribute a postcard to Union's shareholders which contained the statement that defendant had filed objections in the United States Court of Appeals [for the 8th circuit] to the plaintiff's approval of certain proxy material distributed by the Union Electric management. This Court did not at that time, after receiving certain assurances from defendant, grant a temporary restraining order, nor did a preliminary injunction later issue.

On April 23, 1957, after the conclusion of the Union Electric shareholders' meeting, plaintiff filed in this action a notice of dismissal under Fed.Rules Civ. Proc. Rule 41(a), 28 U.S.C.A. The Court, on motion of defendant, vacated this notice of dismissal on the ground that, although no pleading formally designed an "answer" had been served, the parties were, in fact, at issue on the allegations of the complaint, and that the time had passed when plaintiff could dismiss without leave of court or consent of the defendant. Plaintiff did not thereafer file a motion under Rule 41(a) (2) seeking to dismiss its action by leave of court.

Defendant Dyer then filed, on April 26, 1957, his answer and counterclaim (subsequently amended). Plaintiff's reply to the counterclaim challenged the jurisdiction of this court to grant the requested relief, i. e., order the SEC to conduct certain investigations of the alleged actions, associations and connections of persons related to the proxy contest at Union Electric. This Court accepted the Commission's view on the jurisdictional issue raised in the reply, and has declined to vacate that ruling, despite the defendant's assertion that it is in error.

This present case is not the first occasion on which defendant Dyer and the SEC have met. Plaintiff's action in permitting certain proxy material of the Union Electric management for the same April, 1957, shareholders' meeting to become effective was challenged by defendant in a petition for review filed in the Court of Appeals for this circuit. Dyer v. S.E.C., 8 Cir., 1958, 251 F.2d 512, now pending in the United States Supreme Court on Dyer's petition for writ of certiorari. The Court of Appeals, having

previously denied defendant a stay of a disputed order, heard argument on the petition for review subsequent to the conclusion of the shareholders' meeting and dismissed the proceeding as moot.

This Court does not see how a decree in this case could be of any more effect than the relief defendant sought in the litigation over the propriety of the Order of March 21, 1957. An examination of the prayer for relief in the complaint will, the Court believes, show that a decree drawn within its confines could not affect the rights and obligations of parties as they now stand in any meaningful way. Although neither party took this view of the matter at the conclusion of the trial on the merits, plaintiff in its brief filed in support of its attempted dismissal under Rule 41(a) (1) said:

> "The Commission could only ask your Honorable Court to enjoin solicitations to that date under the Order of February 27, 1957. It is submitted that this is so regardless of the results of any other legal proceedings in the District Court or in the Court of Appeals. If another meeting were to be required as a result of such litigation, it is submitted that the Commission would have to issue an order directed to said meeting. If the defendant were to persist in a solicitation of shareholders, he would have to comply with other rules of the Commission, not the Order of February 27, 1957. These matters would constitute other legal controversies because they are beyond the scope of the Commission's order of February 27, which is the sole subject matter of the complaint herein. Since the meeting has been held and since the date has passed, it is submitted that the question of compliance with the order of February 27, 1957, is now moot."

A similar problem was before the Second Circuit in S.E.C. v. Okin, 132 F.2d 784, which on a set of pleadings apparently broader in scope, and in a continuing controversy, arrived at a different result. This Court does not believe that the instant case presents itself for any action other than dismissal for mootness.

An Order will be entered in accordance with this Opinion.