**ALLIED MUTUAL INSURANCE COMPANY, a foreign corporation, Appellant,**

v.

**Duane LYSNE, Carl Ramstad and Anna Ramstad, Appellees.**

**No. 17335.**

United States Court of Appeals Eighth Circuit.

Nov. 21, 1963.

R. G. Nerison of Hjellum, Weiss, Nerison & Jukkala, Jamestown, N. D., for appellant.

Mart R. Vogel of Wattam, Vogel, Vogel, Bright & Peterson, and L. H. Oehlert of Nilles, Oehlert & Nilles, Fargo, N. D., for appellees.

Before SANBORN and MATTHES, Circuit Judges, and ROBINSON, District Judge.

SANBORN, Circuit Judge.

This is an appeal from a summary declaratory judgment for the plaintiffs (appellees) determining that an automobile liability and comprehensive coverage policy issued August 1, 1960, by the defendant (appellant), Allied Mutual Insurance Company, for the term of one year, to Darlene Nordlund, who married Duane Lysne in June of 1961, was still in force on November 23, 1961. The record shows that, on that date, Duane Lysne, while driving his wife's car on a highway in North Dakota, was involved in a collision with the car of Carl and Anna Ramstad. The Ramstads suffered bodily injuries as a result, and their car was damaged. They brought suit in the State District Court of Cass County against Duane Lysne for $98,075 damages, asserting that the accident and

their injuries were due to his negligence. Darlene Lysne's car, at the time of the accident, was insured against liability for bodily injury with the State Farm Mutual Insurance Company under a policy which she had obtained after she was married and prior to August 1, 1961. She and her husband thought the Allied policy would be cancelled for nonpayment of renewal premium.

Duane Lysne brought this declaratory judgment action, as plaintiff, against Allied Mutual Insurance Company, as a defendant, upon the claim that it had renewed his wife's policy on August 1, 1961, its expiration date; that the policy was in full force and effect on November 23, 1961, when the accident occurred; and that, by the terms of the policy, he was an insured and entitled to protection, which he had demanded of the defendant, but which it had refused. The plaintiff asked that the court adjudge that the defendant Allied, under its policy, was obligated to extend liability coverage to him, to participate in the defense of the Ramstads' suit in the State court against him, and to pay any final judgments which they might obtain. The Ramstads, who were initially joined as defendants in the instant case, had filed an answer on August 22, 1962, asking that the State Farm Mutual Insurance Company and the defendant Allied, be adjudged to be joint-

ly obligated to defend Duane Lysne in the Ramstads' suit against him, and to pay any final judgments they might obtain. By order of the court, filed January 7, 1963, on motion of Allied, the Ramstads were realigned with Lysne as plaintiffs.[1]

The defendant, Allied, in its answer filed October 6, 1962, denied that the policy it had issued to Darlene Nordlund on August 1, 1960, was in force on November 23, 1961, and alleged "that on the contrary that at the specific instance and request of Plaintiff and his wife, Darlene Lysne, said policy of insurance had been cancelled as to bodily injury and property damage coverage and all other coverage except comprehensive and collision coverages. That said cancellation was effective as of August 1st, 1961."

A stipulation of facts was filed by counsel for the parties on January 22, 1963. On January 24, 1963, a motion for summary judgment was filed on behalf of the plaintiffs, Duane Lysne and the Ramstads. On February 8, 1963, a cross-motion for summary judgment was filed by counsel for the defendant, Allied.

The District Court heard argument on the motions on February 15, 1963. They were submitted upon the pleadings, depositions, affidavits and the stipulation which had been filed. The court determined that there was no genuine issue

1. It appears from the record on appeal that this action was brought in the State District Court of Grand Forks County by complaint entitled in that court and dated August 3, 1962; that Duane Lysne was named as plaintiff, and Allied and the Ramstads were named as defendants; that the answer of the Ramstads, dated August 22, 1962, was also entitled in the State court; that the complaint of Lysne and the answer of the Ramstads in the State court each bears the notation "Filed in United States District Court on August 22, 1962"; and that the first pleading filed in the Federal District Court, not entitled in the State court, was the answer of the defendant, Allied, which was filed on October 6, 1962. We find nothing in the record, including the docket entries of the Clerk of the federal District Court, to show how the case reached that court. We assume that it was re-

moved by Allied from the State court on the grounds of diversity of citizenship and amount in controversy. None of the pleadings in the record on appeal contains allegations as to the citizenship of the parties. The trial court has, however, made adequate findings as to the existence of diversity jurisdiction. Nothing is said about how the case reached the court. Since a federal appellate court, in a case under review, must satisfy itself not only of its own jurisdiction, but also of that of the District Court (Kern v. Standard Oil Company, 8 Cir., 228 F.2d 699, 701), the appellate court should be entitled to be advised as to how such a case as this reached the District Court. However, in view of the findings of the District Court relative to diversity jurisdiction, we shall not require the amending or supplementing of the record on appeal.

in the case as to any material fact and that the plaintiffs were entitled to judgment as a matter of law. The court, in granting the plaintiffs' motion for summary judgment, said: "The motion of the plaintiffs for summary judgment in their favor on all of the issues raised in the complaint should be and is hereby granted, and the plaintiffs are entitled to a final judicial determination declaring that the coverage on the defendant's said insurance policy must be extended to said accident as a matter of law." The motion of the defendant, Allied, for summary judgment was, of course, denied. This appeal followed the entry of judgment.

The appellant argues, in effect, that summary judgment for the plaintiffs was improperly granted and that there was a genuine issue of fact under the pleadings, the stipulation and depositions.

Paragraphs numbered VII and VIII of the stipulation read as follows:

"On November 24, 1961, plaintiff, Duane Lysne, met with Irvin L. Houkom, agent of defendant, Allied Mutual Insurance Company, relative to insurance coverage under the said policy No. AF388955 [the policy in suit] and relative to said motor vehicle collision. Thereafter said defendant, Allied Mutual Insurance Company, caused the facts of the accident to be investigated under a non-waiver agreement executed by said Darlene Lysne, a copy of which is Allied Mutual Exhibit No. D herein.

"There is a dispute between the parties as to the results of said meeting, it being the position of plaintiff, Duane Lysne, and plaintiffs Ramstad that defendant, Allied Mutual Insurance Company, through its agent, agreed to and did accept the full premium on November 25, 1961, for said policy No. AF388955 and to continue said policy in force as to all coverages for the period from August 1, 1961, to August 1, 1962; and it being the position of defendant, Allied Mutual Insurance Company, that it agreed at the request of plaintiff,

Duane Lysne, acting on behalf of said Darlene Lysne, to insure said 1960 Ford automobile under said policy for collision and comprehensive coverages only for said period from August 1, 1961, to August 1, 1962. * * *"

It is our opinion that the District Court should not have attempted to dispose of this case on the motions for summary judgment, and should have denied each of them and set the case for trial on the merits.

In their brief the appellees say:

"The suit here was for a declaratory judgment; it was triable to the court without a jury. Even if there had been issues of fact, so long as they were fully developed at the hearing on the opposing motions for summary judgment, the trial court would have been authorized to issue a decision and give judgment on the merits. 3 [Barron and Holtzoff], Federal Practice and Procedure, § 1239, p. 178."

We do not agree. In 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, § 1239, pages 176-177, it is said:

"The fact that both parties have moved for summary judgment does not establish that there is no issue of fact. A party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted. Thus, both motions should be denied if the court finds that there is actually a genuine issue as to a material fact. If both parties move for summary judgment, each concedes and affirms that there is no issue of fact only for purposes of his own motion. * * *"

See also: Begnaud v. White, 6 Cir., 170 F.2d 323, 327; F. A. R. Liquidating Corp. v. Brownell, 3 Cir., 209 F.2d 375, 380; Volunteer State Life Insurance Co. v. Henson, 5 Cir., 234 F.2d 535, 537; Sterneck v. Equitable Life Insurance Co.

of Iowa, 8 Cir., 237 F.2d 626, 628; Mitchell v. McCarty, 7 Cir., 239 F.2d 721, 723; Lloyd v. Franklin Life Insurance Co., 9 Cir., 245 F.2d 896, 897.

The rule relating to the granting of summary judgment was stated by the late Judge Riddick for this Court in Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, 322, as follows:

"The serious question on this appeal is whether the court properly granted the summary judgment. Rule 56(c) of the Rules of Civil Procedure provides that a summary judgment shall be granted 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. The object of the motion is to separate the formal from the substantial issues raised by the pleadings, and the court examines evidence on the motion, not to decide any issue of fact which may be presented, but to discover if any real issue exists. Toebelman et al. v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018. When affidavits are offered in support of a motion for summary judgment, they must present admissible evidence, and must not only be made on the personal knowledge of the affiant, but must show that the affiant possesses the knowledge asserted. When written documents are relied on, they must be exhibited in full. The statement of the substance of written instruments or of affiant's interpretation of them or of mere conclusions of law or restatements of allegations of the pleadings are not sufficient. Rule 56(e), Rules of Civil Procedure; 3 Moore's Federal Procedure Under the New Rules, p. 3175 et seq. On appeal from an order granting a defendant's motion for summary judgment the circuit court of appeals must give the plaintiff the benefit of every doubt. Ramsouer v. Midland Valley Railroad Company, D.C., 44 F.Supp. 523, 526; Weisser et al. v. Mursam Shoe Corporation et al., 2 Cir., 127 F.2d 344, 346 [145 A.L.R. 467]; McElwain v. Wickwire-Spencer Steel Company, 2 Cir., 126 F.2d 210."

See also: Union Transfer Co. v. Riss & Company, 8 Cir., 218 F.2d 553, 554; Northwestern Auto Parts Co. v. Chicago, B. & Q. R. Co., 8 Cir., 240 F.2d 743, 746; United States v. United Marketing Association, 8 Cir., 291 F.2d 851, 853–854; United Pacific Insurance Co. v. United States, 8 Cir., 296 F.2d 160, 164–166; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458.

We think the instant case was not susceptible of being disposed of on motions for summary judgment. The showing made in support of the plaintiffs' motion did not, in our opinion, conclusively establish that there was no genuine issue of fact to be tried and that they were entitled to judgment as a matter of law. The question whether the defendant's policy in suit was in force on November 23, 1961, with respect to liability coverage as well as collision coverage was, in our opinion, a genuine issue of fact. We hold that the case should be tried upon the merits.

In the appellant's brief it is stated that the controversy between the Ramstads and Duane Lysne has been settled; that the State Farm Mutual Insurance Company has become the only real party in interest; and that the plaintiffs-appellees are no longer proper parties. Counsel for the appellees say that that assertion is outside the record on appeal, which it is. They do not say that it is not true.

It is evident from the record that the State Farm Mutual has a substantial interest in the outcome of this controversy. The question whether the plaintiffs-appellees are real parties in interest will be for the District Court to determine on remand of this case. Needless to say, Rule 17(a) of the Federal Rules of Civil Procedure requires that a case be prosecuted in the name of the real party in interest. In connection with this problem, which is not before us for decision, compare: American Fidelity & Casualty Co., Inc. v. All American Bus Lines, Inc., 10 Cir., 179 F.2d 7, 10–11; same case, 190 F.2d 234, 236–237, certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642. Cf. Industrial Development Co. of Little Rock v. Thompson, 8 Cir., 231 F.2d 825, 828–829.

The judgment appealed from is vacated and the case is remanded for trial on the merits.