Joseph P. JACOBSON, Appellant,

v.

**MARYLAND CASUALTY COMPANY,**
Appellee.

No. 17321.

United States Court of Appeals
Eighth Circuit.

Sept. 2, 1964.

John M. Cleary, Kansas City, Mo., for appellant.

Rodger J. Walsh, Kansas City, Mo., Rafter, Biersmith, Miller & Walsh, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal is from issuance of summary judgment favoring Maryland Casualty Company, appellee-plaintiff, in an action for losses allegedly suffered by Maryland, as surety, on certain indemnity agreements insuring performance of aerial photography contracts between the Joe Jacobson Flying Service and the United States Government.

Jurisdiction exists by reason of diversity of citizenship and controverted amount exceeding the statutory requirement.

We reverse on the inadequate record before us which fails to clearly reflect lack of a genuine issue of material fact.

The complaint alleged losses on bonds issued on applications therefor which were in effect contracts of indemnity, copies of which were subsequently designated in the record as Exhibits A, B, C, D and E. The complaint alleged losses on A, C, D and E and a credit on B. Jacobson signed application E as owner and signed A, B and C as indemnitor for Jacobson Flying Service, Carl C. Hughes, owner. Jacobson did not sign application D. Exhibits A, B and C were signed subsequent to the issuance of D, and E was signed by Jacobson as principal prior to execution of contract D.

On February 29, 1960, Maryland filed its request for admissions with the exhibits referred to above attached. On June 24, 1960 Jacobson answered this pleading admitting only that he had signed A, B and C in blank and that demand had been made on him but never in the amounts stated in plaintiff's request except for one item of $154.38, which represented an additional bond premium, not a loss, on Exhibit E.

On October 10, 1960, Maryland moved for summary judgment interlocutory in character under Rule 56(c), Fed.R.Civ. P. Accompanying Maryland's motion was a "Suggestion in Support" containing authorities and asserting *inter alia* that no substantial issue of fact existed, inasmuch as Jacobson admitted signing Exhibits A, B, C and E, all containing clauses making the indemnitor liable for all "former and subsequent bonds", executed by the parties.

On February 16, 1961, Jacobson filed an amended answer which was a general denial, admitting only that his signature appeared on Exhibits A, B and C. Jacobson also interposed an affirmative defense with respect to D alleging that the loss there was occasioned by Maryland's own fault in failing to timely provide Hughes its promised financial support to complete the principal contract. Further, Jacobson averred that he had no knowledge of the existence of D, unsigned

**74**

by him in any capacity, and that he was in fact absent from the United States for months prior and subsequent to its issuance.

On March 29, 1961, the late Judge R. Jasper Smith considered Maryland's motion for summary judgment, granting its relief as to A, B and C, but denying its issuance as to D and E.[1]

Thereafter on October 5, 1962 Jacobson filed a motion for summary judgment also accompanied by a "Suggestion in Support". Jacobson made no admissions in his motion but sought a favorable ruling as to liability on D which if granted would have reduced Maryland's claims to an amount below the jurisdictional requirement.

On December 14, 1962, Judge Oliver decided the case on Jacobson's motion for summary judgment by denying same, while ordering the parties to agree to a reinstatment of Maryland's motion for summary judgment, or failing such agreement, ordering Maryland to file a new motion for summary judgment as well as a precedent for formal order directing entry of judgment for plaintiff. The record next indicates that on December 26, 1962 the trial court entered judgment for Maryland in the full amount sued for with interest from July 1, 1957 plus attorney's fees.

■ The mission of summary judgment is to allow the trial judge to dispose of a case in advance of a hearing on the merits, when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any supporting affidavits, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. Since the remedy is extreme and not to be used as a substitute for trial, any doubt as to the existence of a triable issue of material fact must be resolved against the party moving for summary judgment. United States v. Farmers Mut. Ins. Ass'n of Kiron, Iowa, 288 F.2d 560 (8th Cir. 1961), and cases there cited; Elbow Lake Coop. Grain Co. v. Commodity Credit Corp., 251 F.2d 633 (8th Cir. 1958).

■ Maryland had the burden of clearly establishing the lack of genuine issue of material fact. See Walling v. Fairmont Creamery Co., 139 F.2d 318 (8th Cir. 1943) and the cases collected in Allied Mutual Ins. Co. v. Lysne, 324 F.2d 290, 293 (8th Cir. 1963). Maryland's burden cannot be discharged unless the record upon which it moved reflected beyond question the lack of a genuine issue of material fact. The record falls short in this regard. The record is silent as to any contravention of Jacobson's averment of the affirmative defense with respect to liability under contract D. Under this bond, Jacobson alleged that Maryland's breach of agreement caused the loss. If Maryland was responsible for the loss, there could be no liability upon the principal, Hughes, and hence a factual issue was joined which in the record before us remains unresolved.

■ Maryland maintained that the cross-motions for summary judgment constituted a concession by both parties that no material question of fact existed, but the issues raised should be determined as questions of law. Maryland further asserts that Jacobson admitted all the facts now claimed but we fail to

---

1. As to Exhibit D, he ruled:

"It is also plaintiff's position that summary judgment on the issue of liability should be given in its favor as to bond number 684627. Defendant did not sign the application for this bond, but plaintiff contends that defendant is liable, nevertheless, because of certain agreements contained in the other bonds which defendant admittedly signed. It is not necessary to recite the agreements contained in these other bonds. It is enough

to say that as to this theory of liability, plaintiff has not sustained its burden of showing that a factual issue does not exist, or that it is legally entitled to recover. A party requesting summary judgment does not discharge his burden of proof by a simple claim for relief. It must be supported, under our rules, by adequate suggestions demonstrating affirmatively that he is entitled to the relief sought. This has not been done in this instance."

find any admissions in his motion. Even if Jacobson made such admissions, they were made for the purpose of his motion only. The filing of cross-motions does not concede the absence of a triable issue of fact. The court is bound in such cases to deny both motions if it finds, as here, there is actually a genuine issue of material fact. See Allied Mutual Ins. Co. v. Lysne, supra.

 Maryland also contends that the assertions made in support of its motion must be taken as true but makes no counter assertions with respect to Jacobson's affirmative defense. The assertions in the motion are meaningless unless supported as provided for in Rule 56(e). True, the moving party may pierce the counter allegations contained in his opponent's pleadings, but in order to do so, he must discharge his burden and show by extraneous material that there is no triable issue of fact although one superficially appears from the pleadings. The record is devoid of anything contravening Jacobson's allegation of affirmative defense. It was not Jacobson's obligation, but Maryland's, to produce the necessary extraneous material to expose this defense as unmerited.

Maryland makes mention in its brief that there were three pretrial orders, one of which contained the statement that the parties are in agreement that there may be no genuine issues to various material facts controlling the ultimate disposition of this case. Judge Oliver in his memorandum and order of December 14, 1962 states that since Judge Smith's order, the factual questions have been resolved.[2] The court's memorandum also speaks of Jacobson's "complete knowledge of and admitted interest in the performance of the contracts * * *". The record before us, however, contains none of the pretrial orders or any other official action taken in the case since the original order except the filing of Jacobson's motion for summary judgment. As we have pointed out, the record is lacking in anything that would justify a summary disposition of the entire case. This Court observed in Kash Industries, Inc. v. Petersen Mfg. Co., 332 F.2d 1002 (8th Cir. 1964), that when the record is so inadequate, incomplete and insufficient, we cannot consider or determine the validity of the District Court's conclusions or whether the contentions of the appellee have any merit. We might surmise from the statements in Maryland's brief and the court's memorandum that Jacobson might likely have failed to prevail, but this does not justify the trial court in refusing him his day in court, particularly on the issue of his affirmative defense, as well as on any other issue not shown by the record to be a sham, frivolous or so unsubstantial that a trial would obviously be futile. United Pacific Ins. Co. v. United States, 296 F.2d 160 (8th Cir. 1961); Sprague v. Vogt, 150 F.2d 795, 801 (8th Cir. 1945).

The trial court very properly undertook to terminate fairly a long pending litigation, but the record here clearly does not justify summary judgment as a proper vehicle for that desirable conclusion. For the reasons stated, the order of the District Court is set aside and the case is remanded for further proceedings.

2. "Since Judge Smith's order the factual questions have, as a practical matter, been resolved. The most that defendant has ever indicated that might present any genuine issue of fact would be a possible contention that in regard to Exhibit D there might be testimony that defendant may have signed that application in blank. Defendant's complete knowledge of and admitted interest in the performance of the contracts bonded reduces that possible factual circumstance to a question of law. "Even if defendant should give such testimony, that testimony would not establish any defense to plaintiff's claim. See Pacific Indemnity Company v. Wyrembek, D.C.Wisc., 1960, 183 F.Supp. 252, 254. We know of no material facts that are in dispute, particularly when consideration is given to what has occurred since our pre-trial order of September 13, 1962."