**UNITED STATES of America,**
**Plaintiff,**

v.

**FIDELITY AND DEPOSIT COMPANY**
**OF MARYLAND, a corporation,**
**Defendant.**

Civ. A. No. 71–854.

United States District Court,
W. D. Pennsylvania.

July 7, 1972.

Thomas A. Daley, Asst. U. S. Atty. W. D. Pa., Pittsburgh, Pa., for plaintiff.

Anthony V. DeCello, DeCello, Bua & Manifesto, Pittsburgh, Pa., for defendant.

## OPINION

TEITELBAUM, District Judge.

This is an action by the United States to enforce payment by a surety, the defendant Fidelity and Deposit Company of Maryland ("Fidelity"), on a surety bond. The principal on the bond is the Hollywood Social Club of Allegheny County, Inc. ("the club"). The bond was executed by the club with Fidelity as surety, for the purpose of securing a release from a tax lien which the plaintiff held against the club for a delinquent tax.

The plaintiff has moved for summary judgment pursuant to F.R.Civ.P. 56. In support of its motion it relies on the pleadings, an affidavit of the District Director of Internal Revenue, a copy of the bond, and a copy of a letter dated September 30, 1968, which advises Fidelity of the failure of the club to pay the delinquent tax and of Fidelity's resulting liability on the bond. The affidavit of the District Director recites, *inter alia*, that the club failed to pay its tax liability.

Fidelity admits the validity of the bond, and its failure to make payment on it as requested by the plaintiff, but denies the underlying obligation of its principal, the club, to the plaintiff. Fidelity asserts that it has been informed by the club that there is no delinquent tax liability, and contends consequently,

that there exists a genuine issue of a material fact and that summary judgment is inappropriate. No affidavit of an officer or agent of the club, however, is offered to support Fidelity's assertion. To contest the documents which the United States has submitted in support of its motion, Fidelity relies simply on its answer to the complaint denying the underlying obligation of its principal, the club.

F.R.Civ.P. 56(c) provides that summary judgment shall be entered,

". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Further, F.R.Civ.P. 56(e) requires that,

"[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ These latter sentences were added to the rule in 1963, as the Advisory Committee noted, ". . . to overcome a line of cases, chiefly in the Third Circuit, which has impaired the utility of the summary judgment device." See 6 Moore's Federal Practice ¶ 56.01[14]. Further the Advisory Committee stated that,

"[T]he amendment is not intended to derogate from the solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may

be overwhelmingly contradicted by the proof available to his adversary."

Thus the rule requires, as amended in 1963, that if the moving party establishes at the threshold, by depositions, answers to interrogatories or affidavits, that there is no genuine issue of material fact and that on the established and uncontroverted facts the moving party is entitled, as a matter of law, to a judgment, the opposing party cannot stand on the pleadings but is obligated to produce documents or make discovery to expose the genuine issue of material fact. Jacobson v. Maryland Casualty Co., 336 F.2d 72 (8th Cir. 1964), cert. den'd., 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965); Missouri Pacific Railroad Co. v. National Milling Co., 409 F.2d 882 (3rd Cir. 1969); Anderson v. Ford Motor Company, 319 F.Supp. 134 (D.C.E.D. Mich., S.D.1970); and 6 Moore's Federal Practice ¶ 56.22 [2]. In Robin Construction Company v. United States, 345 F.2d 610 (3rd Cir. 1965), the 1963 amendments to F.R.Civ.P. 56(e) were reviewed, and it was stated that,

> "[T]he line of decisions of this Court which in the past permitted a litigant to be sheltered against summary judgent by the allegations of his pleading, no matter how much they may have been challenged by detailed and specific affidavits or disclosures in discovery, has been overthrown by the 1963 amendments to Rule 56."

The Court concluded that the rule, as amended, "must be made fully effective".

██ In Gostin v. Nelson, 363 F.2d 371 (3rd Cir. 1966) the effort to make the rule fully effective was advanced. There the Court held that a counter-affidavit based entirely on information and belief and not on personal knowledge was insufficient to thwart the granting of summary judgment, if otherwise appropriate. Here, in response to the plaintiff's motion and its submission of supporting documents, Fidelity has chosen to rest without amplification on the denial in its answer of its principal's tax liability. But if the filing of a counter-affidavit based on information and belief is insufficient under the rule, *a fortiori* the total failure to file any counter-affidavit is insufficient. I think therefore that if the amendments to the rule are to have any meaning they should be applied with full force to the circumstances of this action. In sum, in the absence of an apparent impediment to Fidelity's ability to present an affidavit to counter that presented by the plaintiff, its total failure to "set forth specific facts showing that there is a genuine issue for trial" makes it vulnerable to a motion for summary judgment.

██ Therefore, mindful (1) that to prevail on a motion for summary judgment, the moving party must clearly demonstrate the absence of a genuine issue of material fact; (2) that all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, First Pennsylvania Banking and Trust Co. v. United States Life Insurance Co., 421 F.2d 959 (3rd Cir. 1969) and Associated Hardware Supply Co. v. Big Wheel Distributing Co., 355 F.2d 114 (3rd Cir. 1966); and (3) that neither factual inferences should be drawn nor credibility issues resolved in favor of the moving party, First Pennsylvania Banking and Trust Co. v. United States Life Insurance Co., *supra*, and generally, 6 Moore's Federal Practice ¶ 56.15, I find that the bare denial by Fidelity of the plaintiff's affirmation that the club has a tax liability due and owing to the plaintiff is "overwhelmingly contradicted by the proof available to [its] adversary".

An appropriate order granting the plaintiff's motion for summary judgment will be entered.