Lyle F. MARTIN, Appellee,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellant.

No. 76–1853.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1977.

Decided April 25, 1977.

David A. Gerdes, Pierre, S. D., for appellant; Donald A. Porter, Pierre, S. D., on brief.

Charles R. Johnson, Gregory, S. D., for appellee; Sam Masten, Canton, S. D., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Plaintiff Martin brought this action for damages caused by the alleged wrongful termination of his January 1, 1966, written agency contract with the defendant company. Defendant answered by generally denying the allegations of the complaint except that it was admitted that the contract had been entered into. By way of affirmative defense, defendant asserted that the contract had been lawfully terminated by it pursuant to Article XIIB and that defendant had given the plaintiff the required seven-day notice of termination. Diversity of citizenship jurisdiction is established.

Defendant by appropriate motions for directed verdict raised the issue that it had lawfully terminated the contract. The court reserved ruling.

The case was submitted to the jury under an instruction permitting the jury to determine whether the parties intended that the contract could be terminated at will and permitting the jury to consider the negotiations between the parties and the surrounding circumstances in making their determination. The jury found for the plaintiff and awarded damages of $11,265.00 upon which judgment was entered on June 1, 1976.

Defendant filed a timely motion for judgment n. o. v. upon all the grounds urged in its motion for directed verdict. Such motion was summarily denied. Defendant has taken a timely appeal from the judgment.

The threshold issue is whether the January 1, 1966, contract is ambiguous with respect to termination rights. The trial court determined such ambiguity existed and on that basis permitted plaintiff to offer extrinsic evidence to establish the intention of the parties.

We disagree with the ambiguity determination for the reasons hereinafter set forth, vacate the judgment and remand for entry of judgment for defendant in accordance with its motion for directed verdict.

It is clearly established that defendant gave plaintiff notice of termination of the contract pursuant to XIIB. Such notice, dated March 19, 1973, reads:

This is to inform you that the Equitable Life Assurance Society of the United States elects to terminate your 10th Edition A Agent's Agreement effective April 18, 1973 under Article XII B of your

Agent's Contract dated January 1, 1966. This action shall not prejudice any continuing rights either party may have thereunder.

The evidence establishes that defendant's reason for terminating the contract was the fact that plaintiff had entered into the real estate business. Before termination, defendant made unsuccessful efforts to persuade plaintiff to abandon the real estate business and devote his efforts to the insurance agency.

We note that the termination was made pursuant to XIIB and not on the basis of a violation of the prohibitions contained in Article XIIA.[1]

The general rule is that contracts having no fixed term are terminable at will by either party. *Meredith v. John Deere Plow Co.*, 185 F.2d 481, 482 (8th Cir. 1950). Such rule is applicable to insurance agency contracts having no fixed termination. 16A Appleman Insurance Law and Practice §§ 8953, 8954 (1968).[2]

Plaintiff does not dispute the validity of the foregoing rules but claims that they are not applicable in the present situation upon the basis the contract is ambiguous and thus open to extrinsic evidence to show the intent of the parties. The basis of the ambiguity contention is that XIIA provides for termination for specific causes and hence is inconsistent with XIIB permitting the termination at will by either party.

The contract does not provide for the employment of the agent for any fixed term. There is nothing in XIIA which manifests an intent that the grounds for termination set forth therein constitute the exclusive basis for termination. Article

1. One of the provisions of XIIA is immediate termination for the entry by the agent into the service of any other life insurance company. At the time of the service of the termination notice, the company was not aware of the fact that plaintiff had violated this provision. The evidence at the trial conclusively demonstrated a violation. Since we reverse on other grounds, we deem it unnecessary to determine

whether such violation would be an independent basis for termination.

2. Section 60–4–4 of the South Dakota Compiled Laws is in accord. The statute provides: "An employment having no specified term may be terminated at the will of either party on notice to the other, unless otherwise provided by statute."

XIIB commences with the clause "[u]nless otherwise terminated." This clearly manifests an intent of the parties to preserve to each the right to terminate at will. It is quite true that XIIA gives a party no greater power to terminate than XIIB. However, it does serve some purpose as a warning to the agent with respect to conduct which is likely to bring about a termination. Moreover, XIIB grants each party a right to terminate at will, while XIIA deals only with termination by the employer. In rejecting a contention quite similar to that here made by the plaintiff, the Supreme Court, in *Willcox & Gibbs v. Ewing,* 141 U.S. 627, 636, 12 S.Ct. 94, 97, 35 L.Ed. 882 (1891), states:

> The only part of the contract that gives color to the theory for which the plaintiff contends, is the part declaring that a violation of the spirit of the agreement "shall be sufficient cause for its abrogation." This clause, it may be suggested, was entirely unnecessary if the parties retained the right to abrogate the contract after 1875, at pleasure, and implies that it could be abrogated only for sufficient cause, of which, in case of suit, the jury, under the guidance of the court as to the law, must judge in the light of all the circumstances. We cannot concur in this view. The clause referred to is not equivalent to a specific provision declaring, affirmatively, that the contract should continue in force, for a given number of years, or without limit as to time, unless abrogated by one or the other party for sufficient cause. It was inserted by way of caution, to indicate that the parties were bound to observe equally the spirit and the letter of the agreement while it was in force.

This court, in *Moore v. Security Trust & Life Ins. Co.,* 168 F. 496, 500 (8th Cir. 1909), when confronted with a situation similar to that here presented, determined:

> The implication invoked that the contract was not terminable at will, because it contained clauses, unnecessary if it was so terminable, specifying causes for its termination, is too feeble to withstand the compelling force of the presumption that the plaintiffs could not have intended to surrender control of their own business and services for life, and the defendant could not have intended to surrender its right or to limit the exercise of its right to manage, control, continue, or terminate its business of insurance at will. The existence of this right in the defendant and its free and continuous exercise were implied in this contract of agency, and the plaintiffs took the chances of its exercise when they signed the agreement and entered upon their service under it.

We are convinced that the contract here involved is not ambiguous. The contract, when read and considered as a whole, reflects the express intent of the parties, that each party reserved the right to terminate the contract at will. As heretofore stated, the defendant properly exercised its right to so terminate the contract.

As stated in *Swenson v. Commissioner,* 309 F.2d 672, 676 (8th Cir. 1962), "the intent and meaning of a contract depends upon the language used, and * * * where the language is not ambiguous, the meaning of a contract presents a question of law for the court." *See* 17 Am.Jur.2d *Contracts* § 245 (1964).

The judgment of the district court is reversed. The cause is remanded with direction to enter judgment for the defendant on defendant's motion for judgment n. o. v.

Reversed and remanded.