GERALD ROSEN COMPANY, INC. *vs.* INTERNATIONAL TELEPHONE & TELEGRAPH COMPANY. June 14, 1983. *Contract,* Performance and breach, Employment. *Damages,* Breach of employment contract.

The plaintiff, which was a manufacturer's sales representative for the defendant for thirteen years under a contract terminable without cause by either party on thirty days' notice, was awarded $50,000 for bad-faith termination. Having built up the defendant's sales and thus created an expectation of renewal orders, the plaintiff analogizes itself to the insurance salesman who was held in *Gram* v. *Liberty Mut. Ins. Co.,* 384 Mass. 659 (1981), to be entitled to renewal commissions on policies he had sold because his termination was not for good cause. But the plaintiff here has been paid the commissions on the orders it took, and the fact that its efforts may have augmented the prospect for future orders does not bring its situation within the ambit of *Fortune* v. *National Cash Register Co.,* 373 Mass. 96 (1977), or of the *Gram* case. Cutting off commissions on renewal premiums without cause may fit within the *Fortune* concept of bad faith, because such commissions are payable in the future for products sold in the past; but the cases have not extended the concept to cover a generalized expectation of future orders in types, quantities, and sums not known at the time of termination. "Our decisions have recognized a distinction between the loss of future wages for past service . . . and the loss of future income for future services." *Gram* v. *Liberty Mut. Ins. Co.,* at 672. Here, as in *Cort* v. *Bristol-Myers Co.,* 385 Mass. 300, 302 (1982), "[t]here was no evidence of any anticipated, measurable future compensation based on past services to which the plaintiff[ ] [was] entitled." The other circumstance relied on as supporting an inference of bad faith cannot be made the basis for recovery for the reasons stated in the *Cort* case at 305-306.                                    *Judgment reversed.*
                                            *Judgment for the defendant.*

*Michael J. Liston (Joanne E. Barker* with him) for the defendant.
*Alphonse P. San Clemente* for the plaintiff.