Mr. Richard **WERNER** & Dick Werner Sales, Plaintiffs,

v.

**NEW BALANCE ATHLETIC SHOE, INC.,** Defendant.

Civ. No. 4–91–994.

United States District Court, D. Minnesota, Fourth Division.

June 14, 1993.

Thomas Corey Athens, Athens Law Office, Fergus Falls, MN, Victor H. Sparrow, III, Sparrow Law Office, Washington, DC, for plaintiffs.

Holly A.R. Hart, Buster Clarence Hart, Fabyanske Svoboda Westra & Davis, St. Paul, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant New Balance Athletic Shoe, Inc.'s ("New Balance") motion for summary judgment. Based on a review of the file, record and proceedings herein, the court grants New Balance's motion.

## BACKGROUND

In 1973, New Balance hired plaintiff Richard Werner to market its shoes to authorized retailers in the midwest region. Sometime during the 1980s, New Balance informed Werner that it was dissatisfied with his performance. New Balance claimed that Werner spent too much time marketing other brands of shoes at the expense of its product.

According to New Balance, Werner's performance did not improve. Therefore, on August 29, 1990, New Balance informed Werner that it would terminate him on December 31, 1990, unless he devoted more time to marketing New Balance shoes and increased sales in his territory. It is undisputed that Werner did not meet New Balance's requirements and on December 31, 1990, New Balance informed Werner that his services were no longer needed.

Werner now asserts five claims against New Balance:[1]

1. Price-fixing in violation of the Sherman Act, 15 U.S.C. § 1 *et seq.* (Count 1);

2. Violation of Minn.Stat. § 325E.37, subd. 5(a) (Count 2);

3. Breach of contract under the laws of both Minnesota and Massachusetts (Count 3);

4. Breach of the covenant of good faith and fair dealing under the laws of both Minnesota and Massachusetts (Count 4); and

5. Failure to pay approximately $4,300 in commissions (Count 5).

New Balance now moves for summary judgment on counts 1 through 4 of the amended complaint. New Balance contends that summary judgment on Werner's price-fixing claim is appropriate because he agreed to dismiss that claim with prejudice on the condition that he be permitted to pursue a claim for wrongful termination in violation of public policy. New Balance does not object to that condition and contends that the court should dismiss the price-fixing claim and consider the wrongful termination claim. New Balance notes, however, that even if the court considers the merits of the price-fixing claim, it should dismiss that claim because Werner proffers insufficient facts to support such a claim. New Balance contends that summary judgement on the termination claim is appropriate because no such claim is recognized under Minnesota law. New Balance contends that summary judgment on Werner's claim under Minn.Stat. § 325E.37 is warranted because that claim is barred by the statute of limitations. Finally, New Balance contends that summary judgment is appropriate on Werner's breach of contract and breach of the covenant of good faith and fair dealing claims because no facts exist supporting those claims. New Balance, however, does not discuss whether the court should apply Minnesota law, Massachusetts law, or both in resolving Werner's contract-based claims.

Werner apparently agrees that the court should dismiss his price-fixing claim, as set forth in count 1 of the amended complaint, and consider his allegation of wrongful termi-

---

1. Werner originally filed a complaint on December 16, 1991, asserting five claims:
   1. Price-fixing in violation of the Sherman Act, 15 U.S.C. § 1 *et seq.* (Count 1);
   2. Violation of Minn.Stat. § 325E.37, subd. 5(a) (Count 2);
   3. Racketeering activities in violation of 18 U.S.C. § 1964(c) (Count 3);
   4. Violation of both Section 11 of Chapter 93A of the General Laws of the Commonwealth of Massachusetts and Rule 23 of the Minnesota Rules of Civil Procedure (Count 4); and

5. Common law breach of contract and the implied covenants of good faith and fair dealing under the laws of both Massachusetts and Minnesota (Count 5).

Werner filed an amended complaint containing the claims at issue in this motion on July 13, 1992, pursuant to a stipulation and order of the court. *See Werner v. New Balance Athletic Shoe, Inc.,* Cv. No. 4–91–994 (D.Minn. July 6, 1992) (Docket No. 13).

nation in violation of public policy. Werner contends that summary judgment is not appropriate on his wrongful termination claim because Minnesota recognizes such a claim and a material fact dispute precludes summary judgment on that claim. Werner contends that summary judgment on his claim under Minn.Stat. § 325E.37 is not appropriate because he filed his claim before the applicable statute of limitations expired. Finally, Werner contends that summary judgment on his contract claims is not appropriate because the parties entered into a valid and enforceable contract under which New Balance could only terminate him in good faith and for good cause. Like New Balance, Werner fails to discuss whether the court should apply Minnesota law, Massachusetts law or both to resolve his contract-based claims.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial judge to direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court

that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511–12. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53. With this standard at hand, the court will consider New Balance's motion for summary judgment.

### I. *Anti–Trust Claim*

During oral arguments on New Balance's motion for summary judgment, Werner's attorney stated that Werner has no standing to pursue his price-fixing claim as set forth in count 1 of the amended complaint. The court thus dismisses with prejudice Werner's price-fixing claim.[2] However, in keeping with the parties' agreement, the court will consider the merits of Werner's claim for wrongful termination in violation of public policy.

### II. *Discharge In Violation of Public Policy*

Werner contends that New Balance discharged him in violation of the law because it

2. During oral arguments, Werner's counsel requested that the court dismiss the price-fixing claim without prejudice. The court rejects that request because if the court were to consider the merits of the price-fixing claim, it would find that there is no merit to the claim and dismiss it with prejudice.

Neither party discussed whether, after dismissing the only federal question pled, the court has jurisdiction to consider the plaintiff's state law

claims. The court, however, has considered that issue and determines that it can consider those claims because it can exercise diversity jurisdiction in this case. *See* 28 U.S.C. § 1332. Moreover, even if there were no diversity jurisdiction, the court can exercise supplemental jurisdiction over those claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 785 (8th Cir.1985).

terminated him after he refused to participate in its price-fixing scheme. Minnesota's whistleblower statute provides:

An employer shall not discharge ... or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

.    .    .    .    .

(c) the employee refuses an employer's order to perform an action that the employee has an objective basis in fact to believe violates any state or federal law or rule or regulation adopted pursuant to law, and the employee informs the employer that the order is being refused for that reason.

Minn.Stat. § 181.932, subd. 1(c). Minn.Stat. § 181.931, subd. 2, however, provides that "[e]mployee [as used in § 181.932, subd. 1] does not include an independent contractor." During oral arguments, Werner's counsel admitted that Werner was an independent contractor, not an employee. Thus, by its express terms, Minn.Stat. § 181.932, subd. 1(c) does not apply in this case.

■ Werner contends that his discharge claim is based on common law. The Eighth Circuit Court of Appeals considered and rejected a similar argument in *Piekarski v. Home Owners Sav. Bank, F.S.B.*, 956 F.2d 1484 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 206, 121 L.Ed.2d 147 (1992).

We reject Piekarski's common law claim for ... retaliatory discharge.... Minnesota courts have not recognized a common law action for discharge based on refusal to violate the law that exists independently of the action under Minnesota Statute § 181.932(1)(c).

*Id.* at 1493 (citations omitted); *see also Steinbach v. Northwestern Nat'l Life Ins., Co.*, 728 F.Supp. 1389, 1394 (D.Minn.1989) (finding that Minnesota does not recognize a general common law claim for wrongful discharge and rejecting plaintiff's claim because it duplicated a statutory claim).

Werner contends that *Piekarski* is distinguishable from the case at hand because *Piekarski* was an employee, not an indepen-

dent contractor. Werner thus contends that the court can apply a common law doctrine that prohibits the discharge of an independent contract for refusing to violate a state or federal law. Werner, however, cites no law that supports his theory. Moreover, Werner proffers no reason why the court should fashion a common law doctrine for independent contractors in light of the fact that Minnesota courts hold that employees have no such claim available to them. The court thus determines that Werner has no statutory or common law claim for discharge in violation of public policy and, therefore, summary judgment on his wrongful termination claim is warranted.

### III.  *Minnesota Statute § 325E.37*

Werner alleges that New Balance's discharge of him constitutes a violation of Minn. Stat. § 325E.37. "That statute, however, applies only to sale representative agreements that were either entered into or renewed after July 31, 1990." *Sports and Travel Mktg., Inc. v. Chicago Cutlery Co.*, 811 F.Supp. 1372, 1378 n. 9 (D.Minn.1993). Werner states that he entered into an oral agreement with New Balance in 1973 and thereafter, New Balance made various oral representations that it would deal with him in good faith. Werner proffers no evidence, however, that the alleged sales representative agreement was renewed after July 31, 1990. The court thus determines that Werner fails to support an essential element of his claim based on § 325E.37 and concludes that summary judgment is warranted. *See e.g., Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

### IV.  *Oral Contract Claim*

■ Werner contends that he entered into an oral contract with New Balance in 1973, that the parties contemplated a contract of indefinite duration and that New Balance promised that he would only be terminated for good cause. Werner contends that New Balance had no cause for discharging him and, therefore, its action constitutes breach of contract under the laws of both Minnesota and Massachusetts.[3]

---

3. Neither party specifies which state's law the    court should apply to resolve Werner's contract-

Upon examination of the record, the court finds no evidence supporting Werner's assertion that New Balance agreed only to dismiss him for good cause. Thus, the court determines that the oral contract between Werner and New Balance contained no terms relating to termination or duration. In both Minnesota and Massachusetts, contracts having no fixed term generally are terminable at will by either party.[4] See W.K.T. Distrib. Co. v. Sharp Elec. Corp., 746 F.2d 1333, 1335 (8th Cir.1984) (Minnesota law); Polk v. Mutual Serv. Life Ins. Co., 344 N.W.2d 427, 430 (Minn.Ct.App.1984) (Minnesota law); Fall River Hous. Joint Tenants Council, Inc. v. Fall River Hous. Auth., 15 Mass.App. 992, 448 N.E.2d 70, 73 (1983) (Massachusetts law); cf. Jackson v. Action for Boston Community Dev., Inc., 403 Mass. 8, 525 N.E.2d 411, 412 (1988) (case involving Massachusetts employment law). Based on its determination that the oral contract contained no good cause termination clause, the court determines that New Balance properly terminated the parties' contract. The court thus concludes that summary judgment on Werner's breach of contract claim is appropriate.

## V.  Breach of An Implied Covenant of Good Faith and Fair Dealing

■■■  Werner seeks damages for breach of the implied covenants of good faith and fair dealing. Minnesota does not recognize an independent cause of action for alleged bad-faith termination of a contract. Sports and Travel Mktg., 811 F.Supp. at 1383. Werner, however, contends that New Balance stated that it would abide by the covenant of good faith and fair dealing as part of its oral contract and, although he does not specifically say so, apparently contends that an exception to the rule set forth above exists for contracts that expressly include such a covenant.

Werner cites no law supporting his argument. Moreover, the court determines that even if Minnesota courts recognized such an exception, Werner proffers no facts in support of his argument that preclude a finding of summary judgment. Werner stated in a deposition that New Balance never specifically stated that the oral contract included a covenant of good faith and fair dealing.

Q.  What was the exact language which Mr. Davis used from which you concluded he was making a promise of good faith and fair dealing?

A.  He reinforced that over and over.

Q.  Well, what words did he use? Can you recall any words he used from which you concluded that he was promising good faith and fair dealing?

A.  I would imagine the words that would confer fair dealing.

Q.  You are claiming Mr. Davis uttered the word 'fair dealing'?

A.  I am certain he uttered 'fair.'

Q.  What else?

A.  'Truthful.'

Q.  Anything else?

A.  I think those words would cover what he meant by the statements he made.

Q.  Did Mr. Davis ever specifically utter the word "good faith" from which you concluded that he had made a promise of good faith and fair dealing?

A.  That he said it himself?

Q.  He said "good faith."

based claims as set forth in counts 4 and 5 of the amended complaint. In fact, New Balance ignores Werner's claim that his contract-based claims are brought under both Massachusetts and Minnesota law.

Generally, a court sitting in diversity applies the law of the jurisdiction in which it sits to determine which state's law applies. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1320 (8th Cir.1991). Rather, than undertaking a formal choice-of-law analysis without providing the parties with an opportunity to brief that issue, the court analyzes Werner's contract based claims under both Minnesota and Massachusetts law. The court notes, however, that if it were to undertake the choice-of-law analysis, it would determine that the choice of one state's law over the other is not outcome determinative under the facts of this case. See e.g., Cargill, Inc. v. Products Eng'g Co., 627 F.Supp. 1492, 1495 (D.Minn. 1986) (citing Milkovich v. Saari, 295 Minn. 155, 203 N.W.2d 408 (1973)).

4.  Both parties cited only employment law cases. Because Werner admits that he was a independent contractor, general contract case law applies to his breach of contract claims.

A. No. That when he said something, it conveyed that he was standing behind it.

Q. What you are saying then is that Mr. Davis didn't utter the words "good faith," per se, but you concluded that he had promised good faith from the way in which he spoke the different words he did?

A. What I am saying to you is that he had everything to gain by making statements like that.

Q. Well I am just trying to nail down what Mr. Davis said from which you concluded he had made a promise of good faith. And I thought I heard you saying, I just want to verify it, that Mr. Davis never specifically said the words "good faith," but you concluded that he was promising good faith from the way in which he spoke the different words he spoke. Is that correct?

A. It is very hard for me to sit here and say he never said "good faith." But that, along with the [context] of what he said to all of our salesmen and the way he conducted himself, would certainly imply that he meant that.

Werner Dep.Trans. p. 180–181. Thus, the court finds that even if a Minnesota court would recognize Werner's argument, he fails to set forth specific facts that raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Accordingly, the court determines that under Minnesota law summary judgment on Werner's breach of covenant claim is appropriate.

The court finds no case law indicating whether Massachusetts recognizes a cause of action for breach of the implied covenant of good faith and fair dealing independent from an underlying breach of contract claim. The court determines, however, that even if a Massachusetts court would recognize Werner's claim for breach of the implied covenant of good faith and fair dealing, his claim would fail based on the reasoning set forth in *Gerald Rosen Co. v. International Tel. & Tel. Co.*, 16 Mass.App. 929, 450 N.E.2d 189, 190 (1983). Accordingly, the court determines that under Massachusetts law, summary judgment on Werner's breach of covenant claim is appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that New Balance's motion for summary judgment is granted.